G. D. PRESLEY, *Plaintiff in Error,* v. THE STATE OF FLOR-IDA, *Defendant in Error.*

1. An allegation that the defendant did unlawfully break and enter a "certain building, to-wit: the warehouse of Stearns and Culver Lumber Company, a corporation," followed by an allegation of an intent to steal goods of the same corporation in said building, is sufficient as an allegation of the ownership of the building in a prosecution for breaking and entering.

2. An acquittal on a charge of breaking and entering a "commissary," does not prevent a trial on a charge of breaking and entering a "warehouse," unless they are the same building.

3. Where two counts of an information relate to the same transaction and the counts were properly joined, it is not error to deny a motion to require the State to elect between the counts.

4. A challenge of the panel goes to some matter by which the panel was formed and not to the disqualification of individuals on the panel.

5. A motion to strike evidence is properly overruled when it includes legal and relevant testimony.

6. Where a part of a conversation is admitted, all of it heard by the witness that is relevant should be admitted.

7. The trial judge should not in his charge to the jury, or otherwise so pointedly aim at the credibility of the defendant as a witness for himself, as to impress the jury with the idea that the judge, because of the defendant's interest in the case, questioned his credibility.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted in the Criminal Court of Record for Walton County on an information charging the breaking and entering on May 13th, 1910, of "a certain building, to-wit: the warehouse of Stearns and Culver Lumber Company, a corporation," with intent to commit a felony, *viz.*: "to steal and take and carry away the goods and chattels of Stearns and

Culver Lumber Company, a corporation, then and there being found in said building," and also charging in a separate count larceny of certain goods and chattels of Stearns and Culver Lumber Company, a corporation. Upon a verdict of "guilty as charged," the court by judgment imposed a sentence of three years in the State prison, and a writ of error was taken. A motion to quash the information was denied.

The contention that the information is fatally defective in the allegation of ownership of the building is unavailing. An allegation that the defendant did unlawfully break and enter a "certain building, to-wit: the warehouse of Stearns and Culver Lumber Company, a corporation," followed by an allegation of an intent to steal goods of the same corporation in said building, is sufficient as an allegation of the ownership of the building for the purposes of this statutory offense. The purpose of the statute is to punish for an offense involving the possessory property rights of another.

A demurrer to a plea of *autrefois acquit* was properly sustained. The plea sets up a trial and acquittal on a charge of breaking and entering a certain building, to-wit: "the commissary of Stearns and Culver Lumber Company, a corporation," with intent, &c., on July 11, 1910. While the plea states that the two informations charge the same acts and the same offense, it is not stated that the commissary and the warehouse were the same building, and the transcript shows they were different buildings. An acquittal on a charge of breaking and entering a "commissary," does not prevent a trial on a charge of breaking and entering a "warehouse," unless they are the same building. Proof of the breaking and entering of a "warehouse" as alleged in the second information would not have warranted a conviction under the first information charging a breaking and entering of a "commissary" of

the same corporation, at least in the absence of a showing that a warehouse and a commissary are the same building. See Newberry v. State, 26 Fla., 334, 8 South. Rep., 445; 1 Bishop's New Crim. Law, section 1052. As both counts of the information related to the same transaction and were properly joined, there was no error in denying a motion to require the State to elect between the counts. Gantling v. State, 40 Fla., 237, 23 South. Rep., 857; Eggert v. State, 40 Fla., 527, 25 South. Rep., 144.

The defendant "objected and challenged all jurors who had tried the defendant the day before, the same panel having been called." A challenge of the panel goes to some matter by which the panel was formed and not to the disqualification of individuals on the panel. The challenge was properly overruled.

A motion was made to strike evidence, some. of which was apparently relevant and some of which may have been irrelevant or improper, but as the motion was broad enough to cover relevant testimony it was properly denied. Freeman v. State, 50 Fla., 38, 39 South. Rep., 785.

A witness for the State testified without objection as to a statement made by John Thomas, who was jointly indicted with the defendant, that implicated the defendant at the time that Thomas was arrested, the defendant not being present; but the court overruled questions asked the witness by the defendant tending to show the witness offered inducement to Thomas to make the statement implicating this defendant. This was error. As a part of the conversation was admitted all of the conversation that was relevant should have been admitted. Fields v. State, 46 Fla., 84, 35 South. Rep., 185.

The court charged the jury that "the defendant is a competent witness in his own behalf and in determining the weight and credibility you will give to his testimony, the

4 Vol. 61

jury make take into consideration that he is the defendant, testifying in his own behalf and the interest he may have in the result of the trial." This was error. The trial judge should not in his charge to the jury, or otherwise so pointedly aim at the credibility of the defendant as a witness for himself, as to impress the jury with the idea that the judge, because of the defendant's interest in the case, questioned his credibility. Hampton v. State, 50 Fla., 55, 39 South. Rep., 421.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.