J. G. FLYNN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 14, 1923.

Where an accessory before the fact is indicted with the principal as at common law and is not charged with a substantive offense as is permitted by the statute, and there is no showing that the principal has been convicted, the judgment of conviction of the accessory is erroneous, and will be reversed.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed.

*Wilson & Boswell*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant Attorney General, for the State.

PER CURIAM.—This cause having been duly considered and it appearing that the plaintiff in error was indicted with J. M. Lee and T. Hart Getzen in one count for the larceny of an automobile, the property of D. U. McGinnes. In a second count J. M. Lee was indicted as principal and T. Hart Getzen and J. G. Flynn as accessories in the same larceny. And in the third county the three were charged with receiving the stolen property. The plaintiff in error Flynn having been tried alone was found guilty and sentenced under the second count of the indictment. As the alleged accessories were indicted with the principal as at common law and were not charged with a substantive

offense as is permitted by the statute, and as there is no showing whatever that the person who was indicted as principal has been convicted, the judgment of conviction of the accessory is erroneous and is hereby reversed and the cause is remanded for a new trial.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.