RUFUS CHESSER, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed August 6, 1926.

1. Where the defense of insanity is relied upon, the rule in force in this State, is that if the evidence introduced tends to rebut the presumption of sanity on the part of the accused, and the jury entertain a reasonable doubt, after due consideration of all the evidence, as to his sanity, it is their duty to acquit.

2. In order to acquit a defendant charged with unlawful homicide on the ground of insanity he must have been insane at the time the unlawful act was committed. The question whether the accused had a sufficient degree of reason to know that he was doing an act that was wrong is one for the jury.

3.  Anger is a motive which sometimes impels one to murder another and because it is overwhelming in its force and sweeps prudence aside it is none the less a motive and is in no degree an excuse that will relieve the affected one from responsibility for criminal homicide and such state cannot be said to be that of an insane person.

4.  It was the province of the jury to determine from the evidence submitted whether or not the defendant possessed such mental capacity as to be legally responsible for the act which he committed, and by the verdict rendered the jury has said that it entertained no reasonable doubt as to the sanity of the defendant.

A Writ of Error to the Circuit Court for Clay County; DeWitt T. Gray, Judge.

Affirmed.

*McNamee, Wilson & Koester,* for Plaintiff in Error.

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

PER CURIAM.— In this case of conviction of murder in the first degree there is but one assignment of error, which is that the Court erred in overruling defendant's motion for a new trial. The motion for a new trial contained four grounds:

"1.   The verdict is contrary to the evidence.

2.   The verdict is contrary to law.

3.   The verdict is not supported by the weight of the evidence.

4.   The verdict is contrary to both the law and the evidence."

The transcript of the testimony taken in this case has been carefully considered and is found to be abundantly sufficient to sustain the verdict.

At the trial the defense of insanity was relied upon. The law is well settled that where the defense of insanity is relied upon, the rule in force in this State, is that if the evidence introduced tends to rebut the presumption of sanity on the part of the accused, and the jury entertain a reasonable doubt, after due consideration of all the evidence, as to his sanity, it is their duty to acquit. Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618; Hodge v. State, 26 Fla. 11, 7 South. Rep. 593; Collins v. State, 88 Fla. 578, 102 South. Rep. 880. In the latter case the Court also held:

"In order to acquit a defendant charged with unlawful homicide on the ground of insanity he must have been insane at the time the unlawful act was committed. The question whether the accused had a sufficient degree of reason to know that he was doing an act that was wrong is one for the jury." In that case it is also held:

"Anger is a motive which sometimes impels one to murder another and because it is overwhelming in its force and sweeps prudence aside it is none the less a motive and is in no degree an excuse that will relieve the affected one from responsibility for criminal homicide and such state cannot be said to be that of an insane person."

It was the province of the jury to determine from the evidence submitted whether or not the defendant possessed such mental capacity as to be legally responsible for the act which he committed and by the verdict rendered the jury has said that it entertained no reasonable doubt as to the sanity of the defendant.

The verdict of the jury is entirely in accord with the law and the evidence.

The judgment should be affirmed. And it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.