## *Ex Parte* RUFUS CHESSER

En Banc.

Opinion Filed February 18, 1927.

1. Where a person becomes insane after his conviction of a capital offense, a proper judicial procedure is not an attack on the judgment of conviction, but an application to the trial court for a stay of execution of its judgment and sentence until that court can inquire into and adjudicate the question of the petitioner's sanity or insanity, since the judgment of conviction.

2. An application for a stay of capital punishment on the ground of insanity after conviction, should be made by some proper person on behalf of the petitioner, supported by affidavits of facts showing at least *prima facie* that the petitioner is in fact insane.

3. Where the trial court's judgment is being executed by administrative officers under executive warrant; and the statute authorizes the trial court to commit a convicted defendant to the State Prison in another Circuit for execution, the trial court has the power by appropriate procedure to order a stay of the execution of its judgment even though the defendant be in another Circuit under a commitment authorized by the statute.

4. Where the application to inquire into a convict's sanity is not to disturb the judgment, but to suspend the execution pending inquiry whether petitioner is now insane, it is not ordinarily essential to obtain leave of the Appellate Court to make application to the trial court, even though the judgment of conviction has been affirmed by the Appellate Court. The trial court has control of its process of conviction when that matter has not been otherwise adjudicated or control thereof assumed by the Appellate Court by supersedeas or otherwise.

5. Where a stay of execution of capital punishment is granted, the Court should proceed in due course of law to determine the issue of petitioner's sanity, and to remand him for an execution of the sentence if found to be sane; or if found to be insane, the judgment of conviction being in force, to make an appropriate order for the custody of the petitioner until his return to sanity is duly determined, in which event, the judgment of conviction and sentence being valid, it will be enforced as provided by law unless otherwise ordered by competent authority.

A petition for a Writ of *Habeas Corpus*.

Petition denied.

*James H. Bunch,* for Petitioner.

WHITFIELD, J.—A petition was filed herein stating that Rufus Chesser had been convicted of murder in the first degree and sentenced to death by electrocution; and by affidavits attached to the petition, it is sought to show that since the judgment and sentence the defendant is insane, the prayer being for a writ of *habeas corpus* to have the petitioner's sanity or insanity adjudicated.

Insanity was a defense at the trial and that issue was foreclosed by the conviction and its affirmance here. Chesser v. State, — Fla —, 109 South. Rep. 599; Chesser v. State, — Fla. —, 109 South. Rep. 906. The question here presented is the sanity of the defendant after the judgment and sentence of conviction.

It is not claimed that the judgment of conviction is illegal as in *Ex Parte* Browne, decided at this term. The defense of insanity was made an issue at the trial, therefore, a writ of error *coram nobis* is not applicable. Lamb v. State, — Fla. —, 107 South. Rep. 535.

There being no statute covering the subject the principles of the common law are to be applied.

Whatever may be the power of this Court in the premises, a proper judicial procedure is not an attack on the judgment of conviction, but an application to the trial Court for a stay of execution of its judgment and sentence until that Court can inquire into and adjudicate the question of the petitioner's sanity or insanity, since the judgment of conviction. 1 Whart. Crim. Law 77; Williams v. State, 45 Fla. 128, 34 South. Rep. 279; 16 C. J. 1337.

The application should be made by some proper person on behalf of the petitioner, supported by affidavits of facts showing at least *prima facie* that the petitioner is in fact insane. It is the trial Court's judgment that is being executed by administrative officers under executive warrant; and as the statute authorizes the trial Court to commit a convicted defendant to the State prison in another circuit for execution, the trial Court has the power by appropriate procedure to order a stay of the execution of its judgment even though the defendant be in another circuit under a commitment authorized by the statute. Whether the Circuit Court of the Circuit in which the execution is ordered also has jurisdiction to stay the execution by due course of law, is not presented for consideration.

Where the application is not to disturb the judgment, but to suspend the execution pending inquiry whether petitioner is now insane, it is not ordinarily essential to obtain leave of this Court to make application to the trial Court, even though the judgment of conviction has been affirmed by this Court. The trial Court has control of its process of conviction when that matter has not been otherwise adjudicated or control thereof assumed by the Appellate Court by supersedeas or otherwise.

If a stay order is granted the Court should proceed in due course of law, 57 Fla. 18, 49 South. Rep. 40; 16 C. J. 1338, to determine the issue of the petitioner's sanity, and

to remand him for an execution of the sentence if found to be sane; or if found to be insane, the judgment of conviction being in force, to make an appropriate order for the custody of the petition until his return to sanity is duly determined, in which event the judgment of conviction and sentence being valid, it will be enforced as provided by law unless otherwise ordered by competent authority.

The petition is denied.

ELLIS, C. J., AND TERRELL, STRUM AND BROWN, J. J., concur.