FORREST LAKE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed July 29, 1930.

(Indictment No. 3)

*Dickenson & Lake,* for Plaintiff in Error.

*Fred H. Davis,* Attorney General, and *M. B. Smith,* State Attorney, for Defendant in Error.

On Petition for Rehearing.

PER CURIAM.—Forest Lake the plaintiff in error, was indicted in Seminole County in September 1927 for the misapplication of the money, funds and credits of Seminole County Bank. He was tried, convicted and sentenced to a term of four years in the state penitentiary and now seeks reversal of that judgment on writ of error.

Prior to arraignment the plaintiff in error filed his plea in abatement to the indictment which was demurred to by the state and the said demurrer sustained. The order of the trial court sustaining this demurrer is the basis for the first assignment of error.

A plea in abatement is a plea of privilege and seeks to overthrow the action for the present but does not preclude a new action properly taken. It must in both civil and criminal cases be pleaded before any plea in bar or to the merits is tendered except in cases where the matter on which it is predicated arises and comes to the knowledge of the pleader after trial has commenced. Ricker v. Scofield, 28 Ill. App. 32. The greatest accuracy and precision are required in pleas in abatement, they must leave nothing to be supplied by intendment and they must be free from ambiguity and uncertainty. Merely setting up a series of irregularities will not support them. Reeves v.

State, 29 Fla. 527, 10 So. R. 901; Oglesby v. State, 83 Fla. 132, 90 So. R. 825; Morry v. State, 72 Fla. 45, 72 So. R. 490. A plea in abatement may challenge matter on the face of or dehors the record and any objection to the legality of grand jurors must be raised by plea in abatement to the indictment before pleading in bar. Lake v. State, Indictment Number Nine, and cases there cited, filed this date.

In the case at bar the plea in abatement embraces eleven grounds or pleas all of which are directed to alleged illegalities and irregularities in drawing the jury list and in selecting the grand jury as required by Section 2772 Rev. Gen. Stats. of 1920 (Section 4444 Comp. Gen. Laws of 1927) and Section 2776 Rev. Gen. Stats. of 1920 (Section 4453 Comp. Gen. Laws of 1927). We have examined the basis for the predication of each of the said pleas and there appears to have been little or no attempt at a compliance with the law in the matter of selecting, drawing, recording, and approving the jury list as drawn in January 1927 from which the grand jury was drawn that initiated the indictment in question. The statute as above cited in clear and definite terms points out the duty of county officers in the matter of selecting, qualifying, approving, transcribing, and preserving jury list and failure to comply accurately or substantially with these requirements will vitiate any jury or grand jury drawn therefrom when objection is seasonably taken thereto.

The jury list being illegal, it follows that the grand jury was in the same category, so the plea in abatement to the indictment having been properly taken should have been sustained and the indictment quashed. This being our judgment it becomes unnecessary to discuss other assignments presented.

Reversed on rehearing.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.