FORREST LAKE, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed July 29, 1930.

(Indictment No. 14)

*Dickenson and Lake,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

On Petition for Rehearing.

PER CURIAM.—In this case Forrest Lake was indicted in Seminole County in February, 1928, for loaning to himself as president of the Seminole County Bank a sum in excess of that allowed under the banking laws of this state. He was tried and convicted and sentenced to a term of four years in the state penitentiary and now seeks reversal of the judgment on writ of error.

To reverse the judgment below two errors are relied on viz: (1) The court erred in sustaining the demurrer of the state to the plea in abatement filed by the defendant February 23, and (2) The court erred in overruling defendant's challenge to the array of jurors filed April 12, 1928.

What was said in Forrest Lake v. State of Florida, Indictment number nine, decided this date is decisive of the first question as above stated.

The challenge to the array in this case was predicated on the same ground as the motion in arrest in Forrest Lake v. State of Florida, Indictment number nine. A challenge to the array goes to illegalitus in drawing, selecting, or empanelling the petit jury and cannot be predicated on the disqualification of its individual members. It must be urged before the trial. Green v. State

60 Fla. 22, 53 So. R. 610 Presley v. State 61 Fla. 46, 54 So. R. 367.

In the case at bar, the challenge to the array was seasonably made, was properly predicated and should have been sustained. The judgment below is therefore reversed.

Reversed.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM and BUFORD, J. J., concur.