C. K. SLAYTON and FRANK HYDE, *Plaintiffs in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

141 So. 875.

Division A.

Opinion filed May 28, 1932.

*Kehoe & Kehoe, Hendricks & Hendricks* and *Chappell, Brown* and *Allen,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, C.J.—In this case the appellants were defendants in the court below and on an indictment in several counts charging murder in the first degree were convicted of murder in the second degree.

There are a number of assignments of error, one of which is based upon the alleged improper statements by the State's Attorney to the Jury in the closing argument of the case. It is unnecessary for us to determine here whether or not those statements constituted reversible error, as the case must be reversed on another ground.

Another assignment is bsed upon the action and language of the court in reply to counsel for the defendant when objection was made to the alleged improper argument by the State's Attorney. This too will be passed without comment for the reason above stated.

The record in this case shows that before plea in bar a plea in abatement was filed which, although quite voluminous, stated in effect that the County Commissioners in January of 1930 placed the requisite number of names in the jury box; that in June it appeared that the names in the jury box were about to be depleted and thereupon a Judge of the Circuit Court of Dade County made the following Order:

"It is, therefore, ordered, adjudged and decreed that the Board of County Commissioners in and for

Dade County be and they are hereby directed to meet forthwith and make out an additional list of five hundred male persons of this county, who are qualified to serve as Jurors, and place said list of names in the jury box as provided by law.''

That on the 30th day of June after the Order was made and delivered to the Board of County Commissioners, the County Commissioners, without any further Order or authority, prepared the names of 969 persons and placed the same in the jury box from which to draw jurors from and after June 30, 1930; that the grand jury returning the indictment against these defendants was drawn from the jury box containing the names of these 969 persons, together with those that remained in the box having been put there in January as above stated.

There are objections made by the plea to the method adopted by the County Commissioners in selecting the original list in January which shows irregularities, but it is not necessary for us to discuss that in this opinion.

When the County Commisioners proceeding to act under the Order of Court above mentioned, instead of placing the names of 500 male persons in the jury box placed 969 names therein they thereby fouled the jury box so that no valid jury could be drawn therefrom.

There was demurrer to the plea in abatement which was sustained.

Section 2772 R. G. S., 4444 C. G. L., provides the method which must be followed by the Board of County Commissioners in the preparation of a jury box in January of each year. See Lake v. State, 100 Fla. 367, 129 Sou. 834. Section 2 of Chapter 12069, Acts of 1927, Section 4449 C. G. L., provides as follows:

"The circuit judge having jurisdiction of any such county shall be authorized to make an order at any time when the names of persons in the jury box are about to be exhausted, directing the Board of County Commissioners of such county to meet and make out

additional lists of persons to serve as jurors in the manner provided by said section 4444.''

Section 3 of the same Act, section 4450 C. G. L., provides as follows:

''This law shall not in any manner affect the provisions of any existing law relative to qualifications of jurors or to the selection of jury lists, but the same shall be held to provide for the making up of jury lists under orders of the circuit judge from time to time as said circuit judge may be advised is necessary to avoid the jury box becoming exhausted.''

The latter clause of the last quoted section, to-wit: ''But the same shall be held to provide for the making up of jury lists under orders of the circuit judge from time to time as said circuit judge may be advised is necessary to void the jury box becoming exhausted'' must be held to mean that the Circuit Judge is vested with full authority to determine when it may be necessary to avoid the jury box becoming exhausted and there is no discretion left in the Board of County Commissioners to place any names in the jury box, after the names have been placed therein as provided by section 4444 C. G. L. in January of each year, except under and in conformity with the orders of the Circuit Judge. It follows, therefore, that the jury box from which the grand jury was drawn which returned the indictment in this case contained 469 names which were illegally placed in said box and therefore, any jury drawn from the names in the box could not constitute a legal jury and an indictment found and returned by such illegal jury is illegal and voidable. See Lake vs. State, supra.

Inasmuch as the question is raised and presented, we may say in this connection that we construe the statutes in this regard to mean that when the list of names in a jury box is about to become exhausted the Circuit Judge may order such additional names as he deems needful to

be placed in the box and these names shall be placed in the box with the other names remaining there. The law only contemplates that the box should be emptied of all names when the new list for the succeeding year is put into the box in January. See Lake vs. State, supra.

It appears by another plea in abatement, to which demurrer was filed and sustained, that the same grounds of invalidity which obtained as to the jury box from which the grand jury was drawn followed and were incident to the jury box from which the petit jury was drawn to try this case and while that infirmity should have been met with a challenge to the array and probably could not be reached by a plea in abatement, it nevertheless existed and was brought to the attention of the Court.

For the reasons stated, the judgment must be reversed and it is so ordered.

Reversed.

ELLIS AND TERRELL, J.J., and HUTCHISON, Circuit Judge, concur.

BROWN, J., dissents.

DAVIS, J., disqualified.

BROWN, J., dissenting.—It not being shown that there was any fraud, and the Statute not requiring the Circuit Judge to specify the number of names to be placed in the box, and it not appearing that any of the jurors was disqualified, it seems to me that the plea in abatement merely raises an immaterial irregularity.