STATE, *ex rel.* R. C. MAUDLIN, alias Leroy Howard, and FREEDA VALLEY v. DAN HARDIE, Sheriff, Dade County.

154 So. 183.
Division B.
Opinion Filed March 27, 1934.

*Roach & Hoyl* and *W. M. Pope,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BUFORD, J.—The writ of error in this case is to a judgment in habeas corpus proceedings remanding the petitioners to the custody of the sheriff under capias issued on a judgment entered in the criminal court of record in a certain cause wherein the petitioners were convicted of being ac-

cessories before the fact of the crime of uttering a false, forged and counterfeited instrument in writing.

The record shows that the principal adjudged guilty on a plea of guilty of committing the forgery involved was adjudged guilty thereof on the day succeeding the day upon which judgment was entered against these petitioners, although she had pleaded guilty prior thereto.

In Killingsworth v. State, 90 Fla. 299, 105 Sou. 834, we held:

"An accessory may be placed on trial with his principal and both may be found guilty by the jury, one as principal and the other as accessory, but before a judgment of conviction may be entered against the latter the judgment must be entered against the former. It is true that the conviction of the principals is an essential prerequisite, except in certain cases, to the punishment of the accessory. See Bowen v. State, 25 Fla. 645, 6 South Rep. 459; *Ex Parte* Bowen, 25 Fla. 214, 6 South. Rep. 65; Daughtrey v. State, 46 Fla. 109, 35 South. Rep. 397."

On authority of the case above cited, we hold that the judgment remanding the petitioners to the custody of the sheriff was a proper judgment so far as it went, but it should have gone further and remanded the petitioners to the custody of the sheriff to be by him safely kept until the next succeeding term of the criminal court of record and to have them then presented in that court to receive sentence according to law.

For the reasons stated, the cause is remanded to the circuit court with directions that judgment be modified to comply with the suggestion above stated and, when so modified, shall stand affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

Davis,. C. J., and Ellis and Terrell, J. J., concur in the opinion and judgment.