J. P. I. CHANCE v. STATE.

155 So. 663.
Opinion Filed June 12, 1934.

*H. V. McClellan* and *Thomas C. Ray,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant for the State.

PER CURIAM.--Upon an indictment for murder in the first degree, the accused was convicted of murder in the second degree and sentenced to life imprisonment. On writ of error it is contended among other things that the trial court erred in overruling a challenge to the array of jurors, made on the ground that other persons than the county commissioners were allowed to assist in the selection of the names put in the jury box.

A challenge to the array or motion to quash the panel or the venire of jurors, goes to illegalities in selecting names of persons for jury service or in drawing or empaneling the petit jury—to some matter by which the panel was formed—not to the qualifications of individual members of a panel or venire. Lake v. State, 100 Fla. 386, 129 So. 833; Presley v. State, 61 Fla. 46, 54 So. 367; 35 C. J. 374.

Section 4444 (2772) Compiled General Laws, requires the county commissioners to "personally select and make out a list of" the names of persons *qualified* under the statute to be placed in the jury box; and requires the names to be of "such persons only as the said commissioners know, or have good reason to believe, are law-abiding citizens of approved integrity, good character, sound judgment and intelligence, and who are not physically or mentally infirm, which list shall be signed and verified by said commissioners as having been personally selected."

The statute specifically prescribed the duties of the county commissioners in *personally* selecting and certifying the lists of names of qualified persons for jury duty; and failure to substantially comply with the requirements of the statute may be ground for adjudging a venire or panel of jurors to be invalid upon appropriate procedure duly taken. Lake v. State, 100 Fla. 367, text 369, 129 So. 834.

The county commissioners who are authorized to make selections of qualified persons for jury duty "cannot delegate that duty to any other person, but must themselves make the selection, and they cannot by subsequently ratifying a selection made by some other person render the selection valid. Moreover, the selection must be made by the board as a whole, and not as individuals." 35 C. J. 262.

The challenge to the array or motion to quash the venires is as follows:

"Now comes the defendant, by his attorneys, and challenges the array of jurors, both of the special and regular venires and prays the panels be quashed, vacated and set aside on the following grounds, to-wit:

"That by virtue of an order made by this Honorable Court, dated June 29, 1933, in which the County Commissioners of Calhoun County, Florida, were required and ordered to meet at the Court House in Blountstown, Florida, on the 3rd day of July, A. D. 1933, for the purpose of making and selecting an additional list of persons to serve as jurors in the Circuit Court of Calhoun County, said order directing that the additional list contain the names of two hundred and fifty persons properly qualified to serve as jurors in said county, all to be done in accordance with the laws governing the qualifications of jurors.

"That the Board of County Commissioners did meet at the Court House in Blountstown, Florida, on the 3rd day of July, 1933, and that two hundred and fifty names additional were placed in the jury box, but that said names were not personally selected by the members of the Board of County Commissioners as required by Section 4444 of Compiled General Laws of Florida. But that divers persons were allowed to assist in the selection of the names that went into the jury box.

"That said order was made by this Honorable Court during a recess of said court, and was made for the purpose of placing additional names in the jury box with which to draw a jury to try this defendant. That no other case is pending before this court or expecting to be tried at this special or recess term of the court, save and except the case against this defendant.

"That persons allowed to assist in the selection of the names of the jurors as aforesaid, are persons known to be prejudiced to this defendant and who are taking an active part in the prosecution of this cause.

"Wherefore, defendant prays that both the regular and special panels be quashed, vacated and set aside."

Issue was joined on the challenge or motion and testimony taken.

There was adduced uncontradicted testimony that several persons, including a deputy sheriff, took part in selecting names from the registration books to be listed for jury service, and that each county commissioner prepared a list of fifty names from his district, which were placed upon the list of names certified by the commissioners.

The county commissioners testified that they severally made their own selections of names from their respective districts, and did not deny that other persons assisted them. Nor did they testify that the names were selected by the county commissioners as a body.

The court denied the motion to quash the regular and special venire apparently upon the theory that there was no intentional or corrupt intermeddling by others with the county commissioners in performing their statutory duty in selecting names of qualified persons for jury service.

The statute requires the function of preparing jury lists to be performed *personally* by the county commissioners,

and does not contemplate that any one other than *necessary clerical* assistants shall be present or take part in the solemn duty of selecting names for jury lists.

In view of the statutory provisions governing the selection of jury lists by the county commissioners personally as a body, and of the purpose to insure not only the sacred integrity of the jury box, but to keep it free from reasonable suspicion or criticism, the courts should require the statutory functions of the county commissioners and other officials to be performed as required by the statute and in no other manner. The testimony on the issue made by the State Attorney on the motion to quash the general and special venire is of such a nature that the motion should have been granted and appropriate orders made for the proper preparation of jury lists by the county commissioners in strict compliance with the requirements of the controlling statutes.

Reversed for appropriate proceedings.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.