CLYDE HYSLER v. STATE

187 So. 261.
Opinion Filed February 20, 1939.

B. K. *Roberts,* for Petitioner;

No appearance *contra.*

TERRELL, C. J.—The petitioner, Clyde Hysler, was tried and convicted of murder in the first degree in April, 1937. That judgment and conviction was affirmed by this Court February 3, 1938; petition for rehearing was subsequently denied and the date of his·execution was set by the Governor for the week beginning February 20, 1939.

He now applies for a stay order and a writ of habeas corpus to withhold the execution of the death penalty because (1) he was convicted as principal in the second degree and the principal in the first degree has not been convicted and his conviction affirmed by this Court, and (2) he was without mental capacity to commit the crime with which he is charged and in fact has now become mentally incompetent, unstable, and insane.

On the question of his sanity or insanity *Ex Parte* Chesser, 93 Fla. 291, 111 So. 720, offers a complete answer. It was there held that an application for a stay of capital punishment on the ground of insanity after conviction should be made by some proper person on behalf of the petitioner, supported by affidavits of facts showing at least *prima facie* that the petitioner is in fact insane.

It was further held that such applications should be addressed to the trial court, that it was not essential that permission should first be secured from this Court and that the proper practice was not an attack on the judgment of conviction, but an application to the trial court for a stay of execution of its judgment and sentence until that court can inquire into and adjudicate the question of the petitioner's sanity or insanity, since the judgment of conviction.

If the stay of execution is granted, the trial court should proceed in due course of law to determine the issue of petitioner's sanity. If found to be sane, he should be remanded for execution of the sentence, but if found to be insane an appropriate order should be made for his custody until his return to sanity is appropriately adjudicated when the sentence should be executed.

The petition involved here is offered by counsel for petitioner, is sworn to on "information and belief," is not supported by affidavits or other proof, for which and for other reasons it fails to meet the requirements of the law and is therefore insufficient.

The other ground relied on by petitioner for his writ is also answered by the decisions of this Court. The petitioner was indicted under Section 7111 (5009) Compiled General Laws of 1927, as follows:

"Whoever counsels, hires, or otherwise procures a felony to be committed, may be indicted and convicted as an accessory before the fact, either with the principal felon or after his conviction, or may be indicted and convicted of substantive felony, whether the principal has or has not been convicted or is or is not amenable to justice; and in the last mentioned case may be punished in the same manner as if convicted of being an accessory before the fact."

The indictment brought in question was in two counts.

The first count charged petitioner as principal in the first degree or accessory before the fact, and the second charged him as principal in the second degree. In either event, he was a principal. The jury found him guilty of murder in the first degree.

The evidence, if believed, was ample to convict him as principal in the second degree or as accessory before the fact under Section 7110, Compiled General Laws of 1927. Whether he was principal in the first or second degree or accessory before the fact is immaterial in so far as the punishment visited on him was concerned. The statute here quoted makes the principal in the first or second degree guilty of a substantive felony and if it be the principal in the second degree it makes no difference whether the principal in the first degree has been convicted or not, or whether he is amenable to justice or not. Lake v. State, 100 Fla. 367, 129 So. 834; McCall v. State, 120 Fla. 707, 163 So. 38; *In re* Vann, opinion filed January 14, 1939.

I have examined the cases relied on by petitioner, Kelley v. State, 79 Fla. 182, 83 So. 909; Flynn v. State, 86 Fla. 467, 98 So. 76; State, *ex rel.* Mauldin, v. Hardie, 114 Fla. 374, 154 So. 183. These cases hold that conviction and punishment of the principal must be done at the same time or must precede the conviction and punishment of the accessory. This doctrine is still in force in this state and what has been said here in no sense militates against it.

A principal in the first or second degree or an accessory before the fact is different from an accessory after the fact and we have retained that distinction in this State. We are not here confronted with an accessory after the fact but with a principal in the second degree and the statute makes him guilty of a substantive felony. It is not material

that the principal in the first degree be first apprehended and tried.

The application for habeas corpus is accordingly denied. It is so ordered.