CARROLL, Judge.
This appeal by the state is from an order of the circuit court of Dade County granting a new trial.
On an appeal from an order granting a new trial, consideration by the appellate court is limited and directed to the ground or grounds upon which the new trial was granted. Here, as recited in the order, the trial court granted a new trial on authority of State v. Silva, Fla.1970, 259 So.2d 153, decided February 22, 1972. In so doing the court sustained a challenge to.the panel, and as a necessary predicate therefor regarded the defendant’s belated challenge to the jury panel by written motion filed after verdict to be timely, by finding the defendant had “properly preserved” his attack thereon.[1]
With reference to the latter, the record shows that after the jurors in this case had been interrogated, and the twelve member jury tentatively selected, counsel for defendant made an oral request for leave to present a challenge to the panel; that such request came shortly before the noon hour; that the court proceeded with the swearing of the jury, and that following the noon recess the court heard argument on an oral motion of the defendant challenging the panel. The matter was not determined at that time because of absence of available proofs in support of the challenge (consisting of testimony which had been given in the Silva case in the same court, wherein the panel had been challenged). Thereupon the trial proceeded to conclusion, with permission of the court to defendant’s counsel to raise the matter on motion for new trial.
The defendant was found guilty, and the adjudication of guilt and sentence were entered on December 30, 1971. Thereafter, on January 10, 1972, the defendant filed two motions. One was a motion for new trial which did not contain a challenge to the panel. The other was a motion challenging the panel on the ground that per *559 sons between 18 and 21 years of age were excluded therefrom. After hearing but before a ruling was made on those motions, the defendant filed an amendment to his motion for new trial, on February IS, 1972, Therein the defendant challenged the panel from which the jurors in his case had been selected on the additional ground of systematic exclusion of other groups therefrom and because not selected at random from a cross-section of the community.
In Rule 3.300 CrPR, 33 F.S.A., relating to “challenge to panel” it is said: “Challenges to the panel shall be made and decided before any individual juror is examined, unless otherwise ordered by the court.” The rule further provides that a challenge to the panel shall be in writing, and shall specify the facts constituting the ground of challenge. The rule then provides that following a trial of the challenge by the court the panel shall be discharged if the challenge is sustained, and if not sustained, “the individual jurors shall be called.”
In State v. Silva, supra, upon which the court relied here, a challenge to the same panel which supplied the jurors for this case had been held to be properly sustainable. However, with reference to the subject matter covered by Rule 3.300 CrPR, the Supreme Court in the Silva case said:
“ * * * A challenge to the panel, or challenge to the array, is used to question the selection or drawing of prospective jurors. Such a challenge must be made and decided before any independent juror is examined, unless otherwise ordered by the Court. FRCrP Rule 3.-300, 33 F.S.A. Such an objection comes too late after verdict and has no place in a motion for new trial or in arrest of judgment. By going to trial before a jury without any objections, a defendant waives all irregularity in the drawing, summoning and impaneling of such jurors. Green v. State, 60 Fla. 22, 53 So. 610 (1910); Lake v. State, 100 Fla. 386, 129 So. 833 (1930); 14 F.L.P., Jury, § 111; 20 Fla.Jur., Juries, § 68.”
On this appeal we are confronted with the necessity to determine whether by virtue of Rule 3.300 CrPR the right of a defendant to challenge the jury panel is waived when no challenge thereof has been made by written motion prior to the examination of an individual juror and where, prior to such time, the court has not ordered otherwise, or whether, on the other hand, the rule is to be construed to permit a defendant to proceed to trial, taking his chance of winning from the jury chosen, and then challenge the panel by a written motion filed after verdict, based upon authority therefor granted by the trial judge after the questioning of the jurors in the case has taken place.
The trial court necessarily gave the rule the latter construction, by granting permission, after the trial commenced, for a challenge to the panel to be presented after verdict, and by entertaining a belated written motion when so made. In our opinion that construction and application of Rule 3.300 CrPR was incorrect.
In order to give effect to the stated provision of the rule that a waiver will result if a written challenge to the panel is not made (and decided) prior to examination of any individual juror “unless otherwise ordered by the court,” the challenge to the panel must be made in writing prior to the examination of any juror, or an order for the challenge to be presented otherwise or later must have been made by the court prior to examination of any juror.
This is so because under Rule 3.300 CrPR the examination of a juror without a prior written challenge to the panel and without an “otherwise order” having been made results in a waiver of the right to challenge. However, even if it should be assumed, as contended for by the appellee, that by virtue of the provision of the rule under which the court may “order otherwise” an order may be made any time during the trial to permit a challenge to the panel to be presented at a later stage of the proceedings, it would appear that the clear *560 ly expressed purpose of the rule for such a challenge to the jury panel to be made and decided prior to trial should not be substantially disregarded by postponing the challenge beyond the earliest practicable occasion therefor at the outset or early stage of the trial and (as pointed out by the Supreme Court in State v. Silva, supra) should not be authorized to be made after verdict or by motion for new trial.
Otherwise, as was done here, a defendant can proceed to trial without objecting to the panel, with the benefit of the chance and hope of winning an acquittal from a chosen jury, and then, if an adverse verdict is rendered, seek to avoid its effect by submitting a belated challenge to the panel.
Accordingly, the order granting new trial in this case is reversed, and the cause is remanded to the circuit court with direction to reinstate the judgment and sentence.
It is so ordered.

. The ground for granting new trial, as stated in the order was as follows:
“The Defendant’s Motion for-New Trial he and the same is hereby granted on the grounds that the Defendant properly preserved his attack on the constitution - ality of the selection of trial juries in Dade County, Florida as upheld by the Florida Supreme Court in Florida v. Silva, - So.2d - (Fla. Supreme Court Case No. 42,051, decided February 22, 1972).” [259 So.2d 153]