PER CURIAM.
Appellant was charged by amended information with one count of racketeering, two counts of organized fraud, three counts of scheme to defraud, thirty-two counts of grand theft, twenty-eight counts of selling unregistered securities, twenty-four counts of mortgage broker’s fraud, and seven counts of sale of securities by an unregistered dealer.
The charges centered upon the marketing and sale of “equal dignity” mortgages by State Capital Corporation (State Capital) and its affiliated corporations. At trial, the state contended that appellant owned and/or controlled a “financial empire,” consisting of State Capital and other affiliated corporations, such as Multi-National Motel Management Corporation, Incorporated and Berkley Multi-Units, Incorporated. These latter corporations would purchase motels and other commercial properties, for which State Capital supplied much of the financing.
State Capital provided this financing by marketing second mortgages, commonly referred to as equal dignity mortgages. The concept behind such mortgages is that several investors’ funds would be aggregated into a single mortgage loan; therefore, each of the many equal dignity mortgage holders would be protected by a pro rata share of the second mortgage lien.
The crux of the state’s allegations was that State Capital, in marketing these equal dignity mortgages, engaged in various misrepresentations, including: (1) that the mortgage purchased would not exceed, including any first mortgage, the equivalent of seventy-five percent of the fair appraised value of the property; (2) that the investor would receive an assignment of a casualty insurance policy designating him as loss payee to the extent of his interest; and (3) that the principal would be paid at maturity. The state also contended that appellant engaged in various material omissions, including: (1) that appellant’s affiliated corporations were the primary borrowers from State Capital; and (2) that the Florida comptroller’s office had filed suit against State Capital, alleging the sale of equal dignity mortgages constituted the sale of unregistered securities.
Appellant was convicted of one count of racketeering, two counts of organized fraud, three counts of scheme to defraud, twenty-seven counts of grand theft, twenty-four counts of selling unregistered securities, twenty-four counts of mortgage broker’s fraud, and six counts of sale of securities by an unregistered dealer. For racketeering and organized fraud, he received concurrent thirty-year sentences. For all second-degree felonies he received concurrent fifteen-year sentences, and for the third-degree felonies, concurrent five-year sentences. The state nolle prossed three counts where the alleged victims were unable to testify. Appellant was found not guilty on four other counts.
The appeal involves seven issues, six of which are directed at the conviction and one to the sentencing. We find none to have merit and two to justify discussion. Thus, we affirm the judgments and sentences.
While the instant venire was selected in the same manner later held to be unconstitutional in Spencer v. State, 545 So.2d 1352 (Fla.1989), the pretrial error was not preserved; appellant failed to raise the issue at the trial level. It is too late to raise the question here for the first time. See Fla.R.Crim.P. 3.290; State v. Silva, 259 So.2d 153 (Fla.1972). Accord Johnson v. State, 268 So.2d 544 (Fla. 3d DCA 1972); State v. Bethel, 268 So.2d 557 (Fla. 3d DCA 1972). See also United States v. Dansker, 537 F.2d 40, 63-64 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); United States v. Jones, 534 F.2d 1344 (9th Cir.), cert. denied, 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 108 (1976); People v. Hernandez, 47 Cal.3d 315, 763 P.2d 1289, 253 Cal.Rptr. 199 (Cal.), cert. denied, 491 U.S. 910, 109 S.Ct. 3201, 105 L.Ed.2d 709 (1989); Baker v. State, 150 Fla. 446, 7 So.2d 792 (Fla.1942); Meaney v. State, 629 S.W.2d 587 (Mo.App.1982).
*920 The trial judge in this case, from our view, did an admirable job in presiding over this lengthy trial; the sentencing thicket presented additional brambles and sink holes that made sureness difficult.
Appellant contends that the trial court committed three separate errors in calculating his sentence by (1) using the 1984 guidelines; (2) categorizing the primary offense and, as a result, using the wrong scoresheet; and (3) sentencing him for both the racketeering (RICO) conviction and the underlying offenses. We disagree. As to (1), see Smith v. State, 537 So.2d 982 (Fla.1989); as to (2), see State v. Davis, 537 So.2d 192 (Fla. 2d DCA 1989); and as to (3), see Carroll v. State, 459 So.2d 368 (Fla. 5th DCA 1984), rev. denied, 464 So.2d 554 (Fla.1985).
GLICKSTEIN, STONE and WARNER, JJ., concur.