GREEN, Judge.
Darryl Lamont Brown was charged with being an accessory after the fact to second degree murder in violation of section 777.03, Florida Statutes (1993).[1] He entered a plea to the charge and reserved his right to appeal the trial court’s denial of his sworn motion to dismiss. For reasons which follow, we affirm the lower court’s denial of his motion.
On October 2, 1994, Brown accompanied his first cousin John Marshall to a grocery store. Prior to their entering the store, Marshall became embroiled in a physical altercation with the victim, another male. At some point during their dispute, Marshall hit the victim in the head with a wooden two-by-four board. Brown then drove Marshall away from the scene. The victim later died. Marshall was subsequently charged with second degree murder and Brown was charged with being an accessory after the fact by virtue of his act of driving Marshall away from the scene. Prior to their trial, Brown moved to dismiss the accessory charge and as grounds therefor asserted that the statute under which he was charged, section 777.03, granted him immunity from prosecution; further, he argued that he could not be prosecuted for accessory after the fact prior to his cousin’s conviction for the underlying second degree murder charge. The trial court denied the motion and Brown entered a plea to the charge subject to his right to appeal the denial of his motion.[2] Marshall proceeded to trial and was ultimately acquitted of the second degree murder charge.
On this appeal, Brown first asserts that his motion to dismiss should have been granted because he is shielded from prosecution as an accessory to his cousin’s charge by the immunity given to family members in section 777.03. We disagree. This section provides in pertinent part that:
Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity to the offender, maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory therefore before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact, and shall be guilty of a felony of the third degree.... (emphasis added)
§ 777.03, Fla-Stat. (1993). The immunity provision of the statute by its plain language makes no reference to cousins. It is a firmly established principle of statutory construction that the mention of one thing in a statute implies the exclusion of another or “ex-pressio unius est exclusio alteráis.” Thayer v. State, 335 So.2d 815, 817 (Fla.1976); Tillman v. Smith, 533 So.2d 928, 929 (Fla. 5th DCA 1988). The terms “consanguinity” and “affinity” have correctly been construed to mean by “blood” and “marriage” respectively. State v. C.H., 421 So.2d 62, 63-64 (Fla. 4th DCA 1982). The modifying phrase “by consanguinity or affinity” expanded the statute’s immunity provision only to include “in-laws” and “step-relatives.” Id. at 64. While we acknowledge that it is certainly possible for a cousin to simultaneously be a step-relative [3] of the principal offender and thereby receive immunity under this statute, the legislature has declined to extend immunity to persons such as Brown whose sole familial relationship to the principal offender is that *864 of cousin. Thus since the legislature has not seen fit for whatever reason to date to grant immunity in section 777.03 to cousins, we are not at liberty to do the same in this case:
[O]ur duty [is] to give effect to legislative enactments despite any personal opinions as to their wisdom or efficacy. No principle is more firmly embedded in our constitutional system of separation of powers and checks and balances.
State v. C.H., 421 So.2d at 65-66 (alteration in original) (quoting Moore v. State, 343 So.2d 601, 603-04 (Fla.1977)).
We next consider Brown’s remaining argument that he may not be prosecuted for the crime of accessory after the fact without his cousin’s conviction for the underlying second degree murder charge. With such an argument, Brown is apparently arguing that the underlying felony and accessory charges are inextricably intertwined such that a conviction of the former is a condition precedent for a conviction of the latter. Put another way, Brown suggests that the State is collaterally estopped from prosecuting him as an accessory after the fact where the principal has been acquitted of the underlying felony. We again disagree.
In support of his argument, Brown cites Hysler v. State, 136 Fla. 563, 187 So. 261 (1939) and State ex rel. Maudlin v. Hardie, 114 Fla. 374, 154 So. 183 (1934), both of which recite the rule at common law that the conviction and punishment of the principal must precede or at the very least, accompany the conviction of the accessory. Brown’s reliance upon these cases is misplaced. First of all, neither of these cases factually involved an accessory after the fact.[4] But more importantly, the common law rule espoused in these decisions was rendered obsolete in 1957 with the enactment of section 776.011, Florida Statutes (1957), later renumbered section 777.011,[5] which eliminated any distinction between accessories before the fact and principals in the first and second degree. See ch. 57-310, Laws of Fla.; Potts v. State, 430 So.2d 900, 902 (Fla.1982). As a result, “principals in the first and second degree and accessories before the fact were treated equally and all were made principals in the first degree.” Potts, 430 So.2d at 902; see also Blackburn v. State, 314 So.2d 634, 637 (Fla. 4th DCA 1975) (“Thus the terms ‘principal in the second degree’ and ‘accessory before the fact’ appear to have passed into the judicial history of the State of Florida.”), cert. denied, 334 So.2d 603 (Fla.), cert. denied, 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 142 (1976).
The crime of accessory after the fact, on the other hand, has remained a separate offense in Florida. See Staten v. State, 519 So.2d 622 (Fla.1988) (holding a defendant cannot be convicted and sentenced both as a principal and an accessory after the fact to the same criminal offense). The Staten court further observed that the accessory after the fact is not a party to the underlying crime but is an actor in a separate and independent crime, obstruction of justice. 519 So.2d at 626. As such, the accessory after the fact is guilty only of a third degree felony regardless of the gravity of the underlying substantive offense committed. Id.
Prior to a conviction for accessory after the fact, the State must, of course, prove beyond a reasonable doubt that the underlying felony was indeed committed. See Staten v. State, 519 So.2d at 625 (quoting People v. Prado, 67 Cal.App.3d 267, 273, 136 Cal.Rptr. 521, 524 (1977)). Contrary to Brown’s contention, the guilt or innocence of the accessory after the fact is not contingent upon whether the alleged principal to the *865 underlying felony is convicted. Rather, the accessory’s guilt or innocence rests upon whether the underlying felony was committed and whether the accessory thereafter rendered aid to protect the principal or facilitate the principal’s escape. Id. at 625-26. Cf. Potts v. State, 430 So.2d at 902 (“In order to convict the aider-abettor it is not necessary to show that the principal perpetrator was convicted of the same crime, nor is it even necessary to show that he was convicted at all.”). Indeed, an acquittal of the principal establishes only the absence of the principal’s legal liability for the underlying felony.[6] It does not negate the existence of the underlying felony itself. In obvious recognition of this fact as well as the fact that an acquittal may be the result of any number of factors, our supreme court in another factual context has squarely rejected the collateral estoppel argument advanced by Brown for criminal cases:
This Court has recently held that a defendant tried separately from his co-conspirators is not entitled to raise the conviction of a co-conspirator for a lesser offense as a bar to his own conviction for a greater offense. Potts v. State [, 430 So.2d at 901-03.] In so holding we recognized that different evidence may be admissible against different defendants and that “jury pardon” may result in conviction for a lesser offense though the facts proved at trial would support a conviction for a greater offense.
Eaton v. State, 438 So.2d 822, 823 (Fla.1983). We accordingly conclude therefore that the successful prosecution of the principal to the underlying felony was not a condition precedent to the prosecution of the accessory after the fact nor did the principal’s ultimate acquittal collaterally estop the State from prosecuting the accessory if the State could prove beyond a reasonable doubt (1) the commission of the underlying felony beyond a reasonable doubt and (2) that, with the requisite intent, the alleged accessory rendered assistance to protect the principal perpetrator or facilitated the principal’s escape. Because Brown entered a plea to the charge, we carefully reviewed the record to determine whether the State’s proffered factual basis for the plea was sufficient, if proven at trial, to make a prima facie showing of the accessory charge. We found that it was.
Affirmed.

. Chapter 95-184, § 13, at 1702-03, Laws of Florida has since rewritten section 777.03 to create varying degrees of offense severity depending on the classification of the underlying offense. Subsection 777.03(1), Florida Statutes (1995), however, retains substantially the same wording as the prior definition of accessory after the fact.

. In exchange for his plea, Brown received a withhold of adjudication and one year of probation with the special condition that he would be eligible for early termination after six months.

. For example, this would be the result of a woman with at least one child marrying her brother-in-law who also has at least one child.

. In Hysler, the court found the common law rule inapplicable to a situation where the principal in the second degree was convicted prior to the apprehension of the principal. 187 So. at 262-63. In Hardie, the court held that the defendant’s conviction for accessory before the fact was improperly entered prior to the principal's conviction. 154 So. at 183-84.

. Section 777.011, Florida Statutes (1995) reads:
Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.

. Indeed, under our system of criminal justice which requires the State to prove its case beyond a reasonable doubt, an acquittal does not even establish the factual innocence of the accused to the offense.