# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1651
Lower Tribunal No. 2022-CF-003086-O/B

_____

STATE OF FLORIDA,

Appellant,

v.

JOHNNY WESLEY,

Appellee.

_____

Appeals from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

June 12, 2026

PER CURIAM.

The State of Florida challenges the order granting in part the motion to dismiss

filed by Johnny Wesley,[1] in which the trial court dismissed the charges of accessory

after the fact to a capital felony and false report to law enforcement authorities

concerning a capital felony under Florida Rule of Criminal Procedure 3.190(c)(3)

---

[1] The State filed a separate appeal of a substantially similar order regarding the case against Wesley's co-defendant, Lashawn Triplett. *See State v. Triplett*, No. 6D2024-1574 (Fla. 6th DCA June 12, 2026). This Court granted the State's motion to have these two cases travel together because Wesley and Triplett are co-defendants, the orders on appeal are substantially similar, and the arguments presented in each case are identical.

("The defendant is charged with an offense for which the defendant previously has been granted immunity.").[2] We have jurisdiction. *See* art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.140(c)(1)(A).

We affirm the trial court's order dismissing the charge of accessory after the fact to a capital felony because the plain language of section 777.03(1)(c), Florida Statutes (2022), requires the commission of a capital felony. Wesley's immunity for lawfully killing someone in self-defense thus precludes the State's prosecution for this offense because no capital felony occurred. We reverse, though, the trial court's order dismissing the charge of false report to law enforcement authorities concerning a capital felony. This charge relates to conduct directed toward law enforcement, and Wesley's immunity does not preclude the State's subsequent prosecution for this offense. We remand for further proceedings.

## Background

In March 2022, Melvin Wilcox went to the county fair and ran into his friend, Wesley, who was with Lashawn Triplett, the mother of Wilcox's child. Wilcox and Wesley got into a verbal altercation because Wesley never told Wilcox that he was dating Triplett. The next night, Wilcox went to Wesley's home, where Triplett was also present. During this time, Wesley shot and killed Wilcox. Wesley and Triplett then placed Wilcox's body in the trunk of his car. The couple left their cell phones

---

[2] The trial court declined to dismiss a third charge for tampering with physical evidence that Wesley did not challenge and is not a subject of this appeal.

at Wesley's house and drove around in Wilcox's car before leaving Wilcox's body and car at a Walgreens parking lot. The couple disposed of evidence in black trash bags and removed those bags from the home. They then made false statements to law enforcement about what happened, some of which video evidence rebutted.

Law enforcement arrested Wesley for first-degree murder with a firearm. In a separate proceeding, the trial court granted Wesley's Stand Your Ground motion, concluding that the State failed to prove by clear and convincing evidence that he was not entitled to immunity. Although the State did not charge Triplett with first-degree murder, the trial court later granted Triplett's motion to adopt Wesley's immunity order without objection, thus recognizing that she was also immune from prosecution for Wilcox's murder.

Later, and relevant here, the State filed an amended information charging Wesley and Triplett with accessory after the fact to a capital felony and false report to law enforcement authorities concerning a capital felony. Wesley moved to dismiss the amended information. He challenged the accessory after the fact to a capital felony charge under rule 3.190(c)(4) ("There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."). He claimed that under any set of facts, the State could not charge him for this offense because it required him to commit a crime, and his immunity for Wilcox's death made this factual showing impossible. He contested the false report to law enforcement authorities concerning a capital felony charge under rule 3.190(c)(3).

3

He argued that his immunity necessarily precluded the State's prosecution for this crime. In response to Wesley's rule 3.190(c)(4) argument, the State filed a traverse that outlined Wesley's and Triplett's behavior after Wilcox's death. The State separately argued that Wesley's and Triplett's immunity did not apply to any of the charges that arose after Wilcox's death. It insisted that these charges did not involve using force in a situation that would justify self-defense. Finally, it observed that while Wesley and Triplett received immunity for justifiably killing Wilcox following their assertion of the affirmative defense of self-defense, this did not mean that they had not committed a homicide.

Following a hearing at which the parties' arguments mirrored their written submissions, the trial court found that the disputed facts as alleged in the State's traverse were not material to determine whether Wesley's grant of immunity prevented the State from proving the two charges at issue. Citing section 777.03(1)(c), the trial court noted that to prove accessory after the fact to a capital felony, the State must establish that a defendant: (1) maintained, assisted, or gave any aid to the principal or an accessory before the fact; (2) knew that the offender had committed a crime; (3) such crime was a capital, life, first-degree, or second-degree felony; and (4) had done so with the intent that the offender avoids or escapes detection, arrest, trial, or punishment. Citing section 837.05(2), Florida Statutes (2022), the trial court also determined that to prove the charge of false report to law enforcement authorities concerning a capital felony, the State must establish that a

4

defendant gave false information to a law enforcement officer concerning the commission of a capital felony. Thus, the trial court found that both newly charged offenses required the State "to establish that a capital felony occurred."

While the trial court agreed with the State that the grant of immunity for the force used in the first-degree murder charge did not immunize Wesley from criminal behavior that occurred later, it explained that the State still had to establish that a capital felony occurred. The trial court found that when it granted Wesley and Triplett immunity, a finding was made that they were lawful in their use of deadly force against Wilcox. And because the force used against Wilcox was lawful, a first-degree murder could not have occurred. Thus, the trial court determined that the State could not establish a capital felony occurred, and both charges failed as a matter of law.

<u>Analysis</u>

This Court reviews a trial court's ruling on a motion to dismiss de novo. *See State v. Washington*, 403 So. 3d 465, 470 (Fla. 6th DCA 2025) (quoting *State v. Tacher*, 84 So. 3d 1131, 1132 (Fla. 3d DCA 2012) ("We review a trial court's order on a motion to dismiss de novo where, as here, it concerns a question of law.")).

The Florida Rules of Criminal Procedure permit a defendant to move to dismiss an information. *See* Fla. R. Crim. P. 3.190. Under rule 3.190(c), a defendant may move to dismiss at any time if the defendant is charged with an offense for which the defendant has been granted immunity or if "[t]here are no material

5

disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Fla. R. Crim. P. 3.190(c)(3), (4). But because the trial court did not consider dismissal of either charge under rule 3.190(c)(4), neither do we.

A.     Accessory After the Fact to a Capital Felony

To prove Wesley committed the crime of accessory after the fact to a capital felony, the State must establish that: (1) he gave Triplett any other aid after the shooting; (2) he knew that Triplett had *committed a crime*; (3) such *crime* was a capital felony; and (4) he had done so with the intent that Triplett avoids or escapes detection, arrest, trial, or punishment. *See* § 777.03(1)(c). In Florida, courts "follow the supremacy-of-text principle—namely, the principle that the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Washington*, 403 So. 3d at 470 (citing *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020)). Thus, this Court will interpret Florida's statutes according to the plain meaning of their text. *See id.*

"Crime" is defined as "a felony or misdemeanor." § 775.08(4), Fla. Stat. (2022). Both felonies and misdemeanors are defined to include "any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state." *Id*. § 775.08(1), (2); *see Crime*, *Black's Law Dictionary* (11th ed. 2019) ("an act that the law makes punishable"); *Crime*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/crime (last visited May 29, 2026) ("an illegal act for which someone can be punished by the government").

6

Before a conviction for accessory after the fact to a capital felony, the State must prove beyond a reasonable doubt that the underlying capital felony was committed. *See Brown v. State*, 672 So. 2d 861, 864 (Fla. 3d DCA 1996) (citing *Staten v. State*, 519 So. 2d 622, 625 (Fla. 1988)).

The State failed to establish a prima facie case against Wesley for accessory after the fact to a capital felony. Such a charge requires the State to present sufficient evidence establishing the element that a capital felony crime occurred. It cannot prove that Wesley or Triplett committed a crime—"an act that the law makes punishable"—because they were granted immunity for their use of deadly force against Wilcox. *See Crime*, *Black's Law Dictionary* (11th ed. 2019). In other words, the trial court found that they were justified in their use of deadly force against Wilcox and thus acted lawfully. *See Kumar v. Patel*, 227 So. 3d 557, 559 (Fla. 2017) (noting that section 776.032, Florida Statutes, "provides immunity for a person who *lawfully* uses force in self-defense" (emphasis added)). Accordingly, because an underlying crime was not "committed" here, we affirm the trial court's dismissal of this count in the amended information.

B.      False Report to Law Enforcement Authorities Concerning a Capital Felony

By contrast, we find that Wesley's and Triplett's immunity for killing Wilcox does not necessarily preclude the State's prosecution for the crime of false report to law enforcement authorities concerning a capital felony. To prove this offense, the State must establish that Wesley gave false information "to a law enforcement officer

concerning the alleged commission of a capital felony." *See* § 837.05(2), Fla. Stat. (2022). We also interpret this statute according to its plain meaning. *See Washington*, 403 So. 3d at 470. The statute's plain language does not require us to determine whether a capital felony occurred, or if Wesley or Triplett committed it. *See* § 837.05(2). Indeed, the charge targets a defendant's actions directed toward law enforcement, and not the commission of the underlying crime.[3] Accordingly, Wesley's and Triplett's immunity for their use of force against Wilcox does not resolve this charge, and the trial court erred in dismissing it under rule 9.130(c)(3).

For these reasons, we affirm in part the final order of dismissal as to the charge of accessory after the fact to a capital felony. We reverse the final order of dismissal in part as to the charge of false report to law enforcement authorities concerning a capital felony and remand to the trial court with directions to reinstate that count in the amended information.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

TRAVER, C.J., and STARGEL and NARDELLA, JJ., concur.

---

[3] Because we do not analyze this matter under rule 3.190(c)(4), we also offer no opinion on whether Wesley's behavior violated the statute.

8

James Uthmeier, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.

Blair Allen, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED