**STATE, ex rel. McCUMMINGS v. KIRK.**
**No. 17388.**

Circuit Court, Palm Beach County.

March 20, 1958.

John R. Williams, West Palm Beach for petitioner.

Phil O'Connell, State Attorney, and Charles A. Nugent, County Solicitor, for the state.

R. O. MORROW, Circuit Judge.

This cause came before the court on a writ of habeas corpus. The matter has been duly presented by petitioner's counsel and the county solicitor of the criminal court of record for Palm Beach County.

Petitioner claims to be illegally detained and imprisoned under an information which charges him with grand larceny.

He maintains that he cannot be charged as a principal in that one Sim Moody was adjudged guilty on the identical charge of grand larceny—and that he, the petitioner, should be charged as an accessory before the fact, so that he may properly prepare his defense.

Petitioner attacks the validity and constitutionality of section 776.011, Florida Statutes 1957, in which the legislature abolished the law defining accessory before the fact, and made all such accessories chargeable as principals in the first degree.

The court is of the opinion that the challenged Act is valid and constitutional, that petitioner's constitutional rights are in no way impaired by his being charged as a principal though the proof may show him to be an accessory before the fact, as defined in the former law. It is noted that under the former law the punishment for an accessory before the fact was the same as that for the principal.

The court cannot anticipate proof, nor go into the merits of the case. The information properly charges the petitioner as a principal in the crime of grand larceny. See Sons v. State (Fla. App.), 99 So. 2d 888.

It is ordered that the petitioner be remanded to the sheriff of Palm Beach County, the writ of habeas corpus heretofore issued is quashed, and the petition dismissed.