## LEON BASS v. STATE.

163 So. 485.
Opinion Filed October 14, 1935.

*Ellis F. Davis* and *Murray W. Overstreet*, for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *Ira A. Hutchison,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error was convicted on the uncorroborated testimony of the principals upon an indictment charging him as accessory before the fact of the commission of the crime of statutory arson in the first degree.

The evidence against the accused is unsatisfactory and the testimony given by the principals committing the crime bears the earmarks of untruth.

The defendant in the court below, plaintiff in error here, being charged as an accessory before the fact, it was necessary to prove the conviction of the principals before he could legally be convicted.

To make good this requirement, the first evidence introduced by the State was the record of the indictment and conviction on pleas of guilty of the principals, LeRoy Cason and Ab Bronson. Immediately following the introduction of this testimony the record shows that Ab Bronson, one of the principals, was called to the stand as a witness against the defendant. Thereupon, counsel for the defendant requested the court to charge the jury as follows:

"The Court instructs you that the evidence of an accomplice should be received by the jury with great caution, but if the testimony carries conviction, and the jury, after careful consideration of all the evidence, are convinced of its truth (beyond a reasonable doubt), they should give to it the same effect as would be allowed to. that of a witness who is in no respect implicated in the offense."

Which charge was in writing.

The Court declined to give the charge at that time, to which ruling of the Court exception was noted. The same procedure was followed when the other principal, LeRoy Cason, was introduced as a witness for the State with the same result. That the charge requested was a proper charge is supported by the opinion and judgment in the case of Myers v. State, 3 Fla. 500, 31 Sou. 270; Shiver v. State, 41 Fla. 631, 27 Sou. 36; Bacon v. State, 22 Fla. 51, and in the late case of Peterson v. State, 95 Fla. 925, 117 Sou. 227.

This is the first time that this Court has had under consideration a case where the instruction was requested to be given by the court to the jury before the accomplice testified.

It is the contention of the plaintiff in error that there is a vast difference between the language "received by the jury" and "considered by the jury" and that if as a matter of law the evidence of an accomplice should be received by the jury "with great caution" that when requested the jury should be instructed to so receive the evidence of the accomplice before that evidence is placed before them, that they may be advised as to how they are to consider such evidence and that it is the legal right of the defendant on trial to have the jury so instructed when such evidence is about to be introduced and that the error will not be cured by the court giving such charge or instruction after all evidence has been introduced at the trial when this particular instruction has been definitely and timely requested. And that in this case defendant was prejudiced by the refusal of the court to give the instruction at the time it was requested, although the court after all the evidence was introduced, gave the instruction along with other charges. We have been unable

to find any case in which the identical question has been presented. In the case of Rayburn v. State, 69 Ark. 177, 63 S. W. 356, it was said:

"Circumstances and occasions do frequently arise, however, when cautionary instructions, drawn in proper form, given at the proper time, and in the proper manner, are important and necessary."

We think this is one of those cases wherein the giving of the cautionary instruction at the proper time was important and necessary and that the defendant was prejudiced by the failure of the court to instruct the jury as to the manner in which the testimony of the two witnesses above referred to should be received by them. In this case the necessity is accentuated by the fact that not only did these two witnesses at that time stand judicially adjudged to be the principals in the commission of the crime as to which the defendant was charged as an accessory before the fact, but their reputation for truth and veracity was definitely impeached by witnesses introduced for that purpose.

Because of the refusal of the court to instruct the jury as requested at the time and under the conditions above mentioned and because of the further fact that the conviction must, if sustained at all, be sustained upon the uncorroborated evidence of the two men who had been adjudged guilty as principals, which evidence appears to us to have been unreliable and insufficient and not in reasonable accord with the uncontradicted facts in the case, the judgment should be reversed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

BROWN, J., dissents.

Brown, J. (dissenting).—The law involved in the requested charge is correctly stated, but I know of no law of this State which authorizes a trial judge to charge the jury on the law of the case prior to the conclusion of the argument of counsel. Indeed, Section 4363, Comp. Gen. Laws, expressly requires that, in both criminal and civil cases, the presiding judge shall charge the jury on the law of the case at the conclusion of the argument of counsel. This statute as amended in 1925 is in keeping with our own traditions and practice, and repealed an effort to depart from the old rule by an Act of the previous Legislature, Chapter 9364, Acts of 1923, which provided that the judge's charge should precede the argument. This Act of 1923 did not meet with the approval of the bench and bar, and people. So in 1925 the Legislature returned to the ancient rule, which gives the presiding judge "the last say" before the case is finally submitted to the jury for their consideration and verdict.