**H. L. SKIPPER v. STATE**

7 So. (2nd) 128                                        En Banc
March 27, 1942

Clyde M. Mayhall and J. M. & H. P. Sapp, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, Woodrow M. Melvin and Kenneth Ballinger, Special Assistant Attorneys General, for appellee.

CHAPMAN, J.:

On August 7, 1941, Tommie Richter and Carl Armstrong were informed against for the crime of breaking and entering a certain designated building with the intent to commit a felony, to-wit, grand larceny. The information, consisting of a single count, alleged further that H. L. Skipper was then and there personally and feloniously present on August 1, 1941, at and before the commission of the said felony and did aid, abet, encourage and procure Tommie Richter and Carl Armstrong to commit the said felony.

The record discloses that the defendants Tommie Richter and Carl Armstrong, upon arraignment on the aforesaid information, entered pleas of not guilty, while H. L. Skipper, when arraigned, entered a plea of guilty to the crime charged in the information.

Tommie Richter and Carl Armstrong were placed upon trial before a jury, and, after all the testimony was adduced, argument of counsel heard and the jury instructed upon the law of the case by the trial court, the jury rendered a verdict of not guilty in their behalf.

On October 4, 1941, H. L. Skipper filed a motion to withdraw his plea of guilty and in lieu thereof file or tender a plea of not guilty to the information charging the crime of breaking and entering. The record fails to set forth the contents or grounds of the motion to withdraw the plea of guilty formerly entered. There is nothing in the record to show that evidence was adduced in support of the motion or that the motion was sworn to. We are left to conjecture as to the grounds or basis of the motion to withdraw. The record recites:

"State of Florida

   v.            Burglary

H. L. Skipper

"The defendant filed a motion to withdraw his plea of guilty and enter plea of not guilty, this motion was denied and exception noted.

"The defendant then filed motion in arrest of judgment, and same was denied and exception noted."

The trial court denied the motions to withdraw and adjudged H. L. Skipper guilty of the crime of breaking and entering and sentenced him to serve a period of two years at hard labor in the State Prison for the said crime. From said judgment and sentence an appeal has been perfected to this Court and two reasons submitted for a reversal of the judgment.

The information is viz.:

"L. D. McRae, as State Attorney for the 14th Judicial Circuit of the State of Florida, prosecuting for said State in the County of Bay, under oath informs the Court that Tommie Richter, and Carl Armstrong on the first day of August, 1941, in the County, and State, aforesaid, unlawfully, did break and enter a building there situated, to-wit, an Office building, the property of Long Beach Resort, Inc., a corporation, with the intent to commit a felony, to-wit, Grand Larceny, and that H. L. Skipper was then and there personally, and feloniously present on said date at and before the commission of said felony and in said county, and state, and did then and there aid, abet, encourage, and procure him, the said Tommie Richter and him, the said Carl Armstrong, the aforesaid felony in the manner and form alleged, to do and commit.

"Contrary to the Statutes in such cases made and provided and against the peace and dignity of the State of Florida."

One of the questions for adjudication is whether or not the trial court abused its discretion in overruling and denying the motion of the defendant to withdraw his plea of guilty previously tendered and to file in lieu thereof a plea of not guilty to the information. It is settled law that such matters are addressed to the sound judicial discretion of the trial court and will not be reversed unless an abuse of discretion is shown. The burden of showing error rests upon the appellant. The record fails to set out the motion or the grounds of the motion, or show whether or not the same was sworn to and supported by other affidavits, or that evidence was adduced in support of the motion and was before the lower court at the time that the order

of denial was entered. We do not feel justified in holding that the lower court committed reversible error in denying the motion to withdraw his plea of guilty under the circumstances, the appellant not being deprived of an opportunity to place in the record the reasons for the withdrawal of his plea of guilty. The bare motion is not supported by testimony nor is it found in the record. The ruling of the trial court is sustained on the authority of Sinclair v. State, 133 Fla. 77, 182 So. 637.

It is next contended that the lower court erred in finding appellant guilty (notwithstanding the previously tendered plea of guilty) under the aforesaid information and by sentencing him to confinement in the State Prison at hard labor for two years after the trial court on the receipt of a verdict by a jury of not guilty rendered in behalf of Tommie Richter and Carl Armstrong had entered in their behalf a judgment of acquittal as sustained by the record. The case of Bass v. State, 121 Fla. 208, 163 So. 485, is cited to sustain appellant's contention. The indictment is not set out in the case last cited and the case was here reversed because of the failure to give a requested charge. Likewise Neumann v. State, 116 Fla. 98, 156 So. 237, is cited. The challenged counts in the information in the latter case were drafted under Section 7110 C.G.L. The language employed by this Court therein demonstrates that it fails to sustain appellant's contention. The language is viz. (text 116 Fla. 103-4) :

"A casual reading of the two counts upon which Neumann was convicted will demonstrate that it is not at all clear whether it was intended to charge the defendant Neumann with being present as a principal in

the second degree, or as being absent but guilty as an accessory before the fact, because of his alleged aid in hiring, counseling or procuring the commission of the felony described in these two counts.

"An accessory before the fact is one who is absent at the time of the commission of a felony, but who has beforehand counseled, hired or otherwise procured the perpetrator to commit it as defined in Section 7110 C.G.L., 5008 R.G.S. A principal in the second degree is one who 'aids in the commission of a felony' as referred to in Section 7110 C.G.L., *supra,* by being present, aiding and abetting the commission of the felony at the time it is perpetrated. The latter's presence at the time of commission of the crime may be actual or constructive. Kauz v. State, 98 Fla. 687, 124 Sou. Rep. 177; Albritton v. State, 32 Fla. 358, 13 Sou. Rep. 955.

"In the case at bar, the two counts of the information upon which Neumann was convicted and sentenced are as much susceptible to the construction that Neumann was present, aiding in the commission of the felony charged in the information, by counseling, hiring and otherwise procuring the commission thereof, as that he was absent but had counseled, hired, and otherwise procured the principal offender, the said felony to do and commit. For this reason the two counts of the information in controversy are so vague, indefinite and indistinct as to mislead the accused on the score of whether or not he is charged as a principal in the second degree or as an accessary before the fact. Therefore, each count of the information was subject to the motion to quash which should have been granted."

The language appearing in the challenged information in the case at bar corrects the error in the indict-

ment involved in Neumann v. State, *supra,* which language is viz.: "and that H. L. Skipper was then and there personally and feloniously present on said date at and before the commission of said felony and in said County and State, and did then and there aid, abet, encourage, and procure him, the said Tommie Richter and him, the said Carl Armstrong, the aforesaid felony in the manner and form alleged, to do and commit." This language of the information charges the appellant as a principal in the second degree. Tommie Richter and Carl Armstrong by the information were principals in the first degree and Section 7110 C.G.L. makes the punishment the same. The guilt of the principals is equal. It is discretionary with the trial court. which of the principals shall be first tried.

The principle enunciated in McCall v. State, 120 Fla. 707, 163 So. 38, is illustrative and is viz.:

"It is well settled that where an indictment charges two persons with the crime of unlawful homicide, one of them being charged as principal in the first degree and the other as principal in the second degree, the person charged as principal in the second degree may be put on trial and may be convicted before the trial of or the conviction of the principal in the first degree and this may be done, although the principal in the first degree has been acquitted of the charge. See Rooney v. U. S., 203 Fed. 928, 122 C.C.A. 230. . ."

The legal effect of the information drawn under Section 7110 C.G.L., as quoted *supra,* is to make H. L. Skipper, the appellant here, a principal. See Albritton v. State, 32 Fla. 358, 13 So. 955; Buie v. State, 68 Fla. 320, 67 So. 320; Whiting v. State, 97 Fla. 693, 122 So. 2. The charging part of the information as

to Skipper is distinguishable from the language of the information in the case of Kauz v. State, 98 Fla. 687, 124 So. 177; Tucker v. State, 100 Fla. 1440, 131 So. 327; Hysler v. State, 136 Fla. 563, 187 So. 261. The contention that a conviction of Richter and Armstrong, the other principals informed against is essential to sustain the validity of the judgment entered against the appellant Skipper is without merit.

The judgment appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS, and ADAMS, JJ., concur.