99 So.2d 888 (1958)
Henry C. SONS, Appellant,
v.
STATE of Florida, Appellee.
No. 277.
District Court of Appeal of Florida, Second District.
January 29, 1958.
*889 Henry C. Sons, appellant, in pro. per.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
KANNER, Chief Judge.
This appeal was brought in proper person. Appellant, Henry C. Sons, and one Jay Rhoton were both charged as principals in the first degree by information with the crime of second degree murder for the killing of S.G. Kelly. Appellant was tried separately; the jury found him guilty of the offense of second degree murder and he was sentenced to a term of twenty years in the state prison.
Appellant has filed briefs which he designates as, "Brief-Allegations of Facts" and "Amendment to Brief". There are certain evidentiary statements made which are not revealed or supported by the record. There is no need to mention these. The contention of appellant is that there was a failure to prove that he had a gun or that he did the shooting.
Agnes Kelly, wife of the deceased, who was the only eyewitness to the difficulty to testify, gave testimony that there was a fight between her and the appellant, that she called to her husband, S.G. Kelly, for aid, and that he separated her and the appellant. She testified that Jay Rhoton was behind a shed and appellant "hollered" to him "Shoot them, Jay". Whereupon Rhoton shot her twice and also shot her husband, the deceased. She then further testified in response to the following question:
"Q. You're telling the jury he did not have a gun or did not do any shooting at all? A. I won't say he didn't, but I say what I think myself, he didn't have one. I won't say he didn't have one, but I'll say I don't believe he did."
Following this testimony she repeated her earlier testimony that it was Rhoton who shot her and her husband and that she did not see the appellant with any pistol.
There was testimony of a witness on behalf of the state, one Ernest J. Thrower, who at the time of the commission of the crime was working as an investigator for the county solicitor and the state attorney, concerning a statement made by appellant after the commission of the crime. The court without the presence of the jury required proper predicate to be laid before he permitted the introduction of the statement into evidence. The witness Thrower was asked the following question:
"Q. Now, in that conversation, Mr. Thrower, did Henry Sons state who shot Stafford Kelly?"
And his answer was,
"He stated that he shot him."
Thus it is there are two versions as to who did the actual shooting, (1) that it was done by Jay Rhoton, the other defendant in the case, and (2) that it was done by appellant, as predicated upon his confession.
A principal in the first degree and a principal in the second degree are both principals, and are punishable alike. Consequently, the degrees are designed merely to indicate that one actually committed the felonious act, and that the other was present by (actually or constructively) aiding and abetting the felonious act. Both are equally guilty; and it is not material as to which one is alleged to have actually *890 committed the felony, if it is duly proven that one committed the act and that the other was present and aided and abetted the alleged felony. Chapter 776, Florida Statutes Annotated; Brown v. State, 1921, 82 Fla. 306, 89 So. 873; Pope v. State, 1922, 84 Fla. 428, 94 So. 865; Lake v. State, 1930, 100 Fla. 373, 129 So. 827, 131 So. 147. See also Henderson v. State, Fla. 1954, 70 So.2d 358, and Hornbeck v. State, Fla. 1955, 77 So.2d 876.
Where there are two or more persons charged in the same count of an information or indictment with committing a felony as principals in the first degree, it is permissible to show that one of the persons charged actually committed the felony and that the other person or persons were present aiding and abetting the commission of such felony, and they may be convicted under such charge and proof. Jimenez v. State, 1947, 158 Fla. 719, 30 So.2d 292, 297.
The evidence is undisputed that appellant was not only physically present but was actually engaged in the altercation which resulted in the ultimate death of S.G. Kelly. Testimony shows that appellant while engaged in the fight "hollered" to Jay Rhoton to shoot them. This is a clear example of actively aiding and abetting. To say that since he, the appellant, did not fire the fatal shot he could not be convicted and punished is without merit since he was actually present and actively engaged in physical encounter with wife of deceased just prior to the shooting and while so engaged in such encounter it was he who counselled and directed Jay Rhoton to fire the shot. So it makes no difference which one of the two fired the fatal shot as they were both charged as principals and having been found guilty, appellant is subject to the identical punishment to which he would have been had he personally fired the fatal shot. Moreover, the jury had before it the two versions for weighing and consideration, (1) that the appellant fired the fatal shot as supported by his confession, and (2) that the other defendant, Rhoton, fired the shot.
Although appellant has instituted this appeal in proper person, it is well to point out that he was represented by counsel from the commencement of trial to its conclusion. Counsel prepared motion for new trial and argued it before the trial court. No witnesses were offered on behalf of appellant nor did appellant take the stand to testify in his own behalf. After a careful study of the record it is clear that appellant received a fair trial and that the evidence is ample to sustain the verdict reached by the jury. The judgment of the trial court is hereby affirmed.
Affirmed.
ALLEN and SHANNON, JJ., concur.