118 So.2d 569 (1960)
Russell S. CHAUDOIN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1467.
District Court of Appeal of Florida. Second District.
February 19, 1960.
Rehearing Denied March 14, 1960.
*570 Gordon V. Frederick, Sanford, and Roy Christopher, Mt. Dora, for appellant.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for appellee.
OGILVIE, CLAUDE, Associate Judge.
Appellant contends that the evidence is insufficient to sustain the allegations of the information and his conviction, because the information charges that appellant "did wilfully and maliciously break down a part of a fence, to-wit: the gate thereof, belonging to and enclosing the land of another", while the evidence showed that the gate in question was broken down by being rammed by an automobile driven by one "Punch" Beck at a time when said appellant and others were standing outside the automobile in the vicinity of the gate. On this point, it should be noted that there was ample evidence to establish the fact that appellant was actually present at the time and place of the commission of the felony charged in the information and that he assented to it by counselling with and encouraging the actual perpetrator of the offense by aiding and assisting in the earlier attempts to force open the gate. Furthermore, the appellant immediately entered through the gate after it was broken down and was a party to the hunting expedition within the enclosure along with the actual perpetrator and his other companions. Appellant clearly was a principal in the second degree. The fact that he was charged as a principal in the first degree and the evidence proved him to be a principal in the second degree presents no problem and is not cause for reversal.
Chapter 57-310, Laws of Florida, Acts of 1957, which became effective on October 1, 1957, and is now Section 776.011, Florida Statutes, F.S.A., abolished the technical distinctions between principals in the first degree, principals in the second degree and accessories before the fact and provides "Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."
Even in the absence of Chapter 57-310, supra, the appellant would have no ground for complaint. Said legislative enactment only declared what had been the established law in this State for many years as to the form of charge and required proof necessary to convict principals in the first and second degrees in felony prosecutions. In the case of Neumann v. State, 116 Fla. 98, 156 So. 237, the Supreme Court held *571 that a principal in the second degree may be tried before the principal in the first degree is placed on trial in the discretion of the Court, regardless of which defendant is alleged to have actually committed the felony, and such was the law in Florida as early as the case of Montague v. State, 17 Fla. 662. Also, see Skipper v. State, 150 Fla. 259, 7 So.2d 128. In Jimenez v. State, 158 Fla. 719, 30 So.2d 292, the Supreme Court recognized and affirmed two wellestablished rules relating to principals in the first and second degrees, namely: (1) that where two or more defendants are charged in the same count as principals in the first degree with the commission of a felony, it is permissible to show under such charge that one defendant actually committed the felony and that the other was present aiding, abetting, etc., the commission thereof, and both may be convicted under such charge and proof, and (2) that where A is charged as a principal in the first degree with the commission of a felony, and by the same count B is charged as a principal in the second degree as being present aiding, abetting, etc., the commission of such felony, each may be convicted, though the evidence establishes that B actually committed the felony and that A was present aiding, abetting etc., the commission thereof. See Brown v. State, 82 Fla. 306, 89 So. 873; Pope v. State, 84 Fla. 428, 94 So. 865; Sons v. State, Fla. App. 2nd Dist., 99 So.2d 888, certiorari denied 357 U.S. 910, 78 S.Ct. 1157, 2 L.Ed.2d 1160; and Carter v. State, Fla.App. 1st Dist., 101 So.2d 911.
To prove the venue of the alleged offense, the State called William H. Padgett as a witness. Mr. Padgett testified that he was a licensed surveyor and was present when an engineering survey was made to determine the location of the gate alleged to have been broken down by appellant; that he supervised and was in charge of said survey which was conducted under his direction and that he performed some of the acts and details of the survey and examined the steps and computations which required his attention; and that he personally drew the sketch which, based on said survey, placed the location of the gate in question in Lake County, Florida, the alleged jurisdiction of the crime charged in the information.
Appellant assigns as error the Trial Court's refusal to grant his motion to strike all of Mr. Padgett's testimony upon the grounds (1) that the witness had not conducted the actual engineering factors involved in the survey, and (2) that Mr. Padgett's testimony concerning the location of the gate was predicated upon the accuracy of notes made by another person. An examination of the trial record reveals that appellant did not contend in the lower Court in support of his motion to strike that Mr. Padgett had not personally conducted the engineering factors in the survey. Such contention appears for the first time in his arguments before this Court. Appellant's motion to strike was bottomed solely upon the assertion that Mr. Padgett's testimony concerning the situs of the alleged crime was based upon notes that were not made by the witness himself. An appellate Court will not consider objections to the admissibility of evidence which are raised for the first time on appeal. Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656.
However, in considering appellant's contention that Mr. Padgett's testimony was based upon notes prepared by another person and his further assignment that the Court erred in admitting in evidence a sketch drawn by Mr. Padgett showing the location of the gate in question, we hold that all of Mr. Padgett's testimony was proper to be considered by the jury, inasmuch as it clearly appears that he was in charge of and supervised the survey about which he testified, that all details thereof were performed under his direction while he was present, and that he personally participated in some of the engineering determinations. Furthermore, we know of no rule of evidence which prohibits a witness from referring to notes made by another *572 to refresh his memory under the circumstances and facts as shown by the record in this case, viz.: the witness was present when the notes were made, he personally supervised the survey to which the notes related and had personal knowledge of and was familiar with the contents of the notes at the time they were made; that said notes were original entries made by a person under the supervision of the witness contemporaneously with the finding of the facts set forth in said notes, no claim is made that the notes are inaccurate or incomplete, and said notes were not introduced in evidence nor otherwise exhibited to the jury.
We further hold that the sketch showing the gate in question to be located in Lake County, which was prepared by the surveyor, Mr. Padgett, was properly admitted in evidence.
Further answering appellant's claim that the State failed to prove the venue of the crime charged, the record includes the testimony of additional witnesses, other than Mr. Padgett, the surveyor, whose testimony established the location of the gate in question to be in Lake County. Deputy Sheriff D.B. Sewell testified that he investigated the charge against appellant and that the gate which was broken down is in Lake County. B.G. Anderson, Jr., lessee of the premises involved, stated that said gate is located in Lake County. George W. Daugherty, who owns the land involved in this prosecution, testified that his gate through which his property had been entered is situated in Lake County based on the survey which he requested be made of the area around said gate. In a criminal prosecution, it is not necessary for the venue to be proved beyond a reasonable doubt. It is sufficient if the evidence raises a violent presumption or the jury can reasonably infer from the evidence that the crime was committed in the alleged jurisdiction. Hopkins v. State, 52 Fla. 39, 42 So. 52; Lowman v. State, 80 Fla. 18, 85 So. 166. The jury was so instructed by the Trial Court.
The judgment and sentence appealed from is affirmed.
ALLEN, C.J., and KANNER, J., concur.