196 So.2d 897 (1967)
Richard Carter NEWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 35133.
Supreme Court of Florida.
March 15, 1967.
*898 I.C. Smith, West Palm Beach, for appellant.
Earl Faircloth, Atty. Gen., and T.T. Turnbull, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is a direct appeal from a judgment of conviction and sentence imposing a death penalty in a rape case entered in the Circuit Court in and for Palm Beach County, Florida.
It appears from the testimony at the trial of the rape case: On June 2, 1965, Judith Fertig and her fiance, Vern Dahl, drove in a convertible automobile to an isolated area of the beach of the Atlantic Ocean at Boca Raton, Florida, arriving there about 10:00 P.M. Shortly thereafter, the defendant (appellant here) Richard Carter Newman, accompanied by Durell, Jones and Eddie McClendon, came to the beach area in a car driven by McClendon. They came for the purpose of unlawfully taking an automobile. Upon spotting the convertible, they decided to take it. Durell Jones and Eddie McClendon carried guns. Jones ordered Judith Fertig and Vern Dahl out of the convertible. They were taken on the beach where Jones directed the defendant to bind Vern Dahl, which he did. Judith Fertig was then carried a few feet down the beach where the alleged rape occurred. The facts are conflicting concerning the rape. Judith Fertig stated that she was assaulted in turn several times by the three men. The defendant stated that he was present when Jones got on top of Judith Fertig, but he, the defendant did not have sexual intercourse with her.
Several days after the incident related above, the defendant being concerned about the assault discussed it with a friend. He also discussed it with his grandmother with whom he was living. On June 14, 1965, the defendant was approached by a detective from the City of Delray Beach Police on routine investigation of another matter. At that time the defendant voluntarily gave a statement of his, Jones' and McClendon's participation in the assault. The Boca Raton police were then notified and arrests of the three men followed. They were each charged with rape of Judith Fertig and each of them was separately indicted.
The appellant submits five points for consideration in his appeal as follows:
I. Did the trial court make prejudicial error in giving the state's requested instruction under F.S. 776.011, F.S.A.?
II. Did the trial court err in admitting state's exhibit # 7 (gun) in evidence?
III. Did the trial court err in allowing witnesses to testify whose names had not theretofore been furnished defendant pursuant to order of trial court?
IV. Is there sufficient evidence in the record to convict the defendant under subject indictment?
V. Were the provisions of F.S. 794.01, F.S.A., unconstitutionally applied in this case?
Each of these points will be separately discussed by us and resolved in this opinion.
Point 1. The state requested and the trial judge gave the jury an instruction to the effect that when persons conspire or confederate to commit an unlawful act, each is responsible for the acts of his associates in furtherance of the common design and that this principle would apply to the commission of rape; that in such a rape each person present aiding and abetting is considered as the agent of his associates and all are equally guilty; that where an accused *899 is charged as a principal in the commission of a crime under the theory of conspiracy, it is not necessary to show a previously made express agreement; and that in such a case if an accused is present, aiding and abetting and consciously shares in the commission, he becomes a principal.
The indictment charged the defendant "with force and arms * * * in and upon one Judith Fertig, a female over the age of ten years, an assault did make, and her, the said Judith Fertig, did then and there carnally know, by force and against the will of her, the said Judith Fertig."
The appellant contends this indictment was grounded solely on F.S. Section 794.01, F.S.A., the statute denouncing the crime of rape which reads in part:
"Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will * * *. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only."
He contends further he was not charged or indicted under F.S. Section 776.011, F.S.A., which reads as follows:
"Whoever commits any offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."
Not having been charged or indicted under F.S. Section 776.011, F.S.A., appellant contends it was error for the trial judge to give the said instruction requested by the state.
There was testimony from the rape victim that she was raped by all three of the persons alleged to have committed the assault including the defendant. The defendant's testimony, as well as testimony of others concerning statements made by him, was to the effect he was present at the time of the assault but he did not actually have sexual intercourse with the victim. He testified that whatever part he took in the commission of the crime was coerced by Durell Jones, who carried a gun, menaced him with it and made him comply with Jones' orders. However, there was conflicting evidence concerning whether defendant was an unwilling participant in the crime. It is apparent that it was because of this latter testimony the said instruction was given, on the theory the defendant's presence and alleged conscious and willing participation, if proved, made him a principal to the crime as an aider or abettor, although he did not physically penetrate the victim.
It is appellant's contention that if only one defendant is charged in an indictment of the crime of rape it is error for the trial judge to allow to go to the jury the question whether such defendant was an aider or abettor to the crime by giving said instruction to the jury.
He cites in support of this contention Jimenez v. State, 158 Fla. 719, 30 So.2d 292; Sons v. State (Fla.App.) 99 So.2d 888; and Carter v. State (Fla.App.) 101 So.2d 911. In each of these cases two or more defendants were charged in the same information or indictment as principals with the commission of a crime. This court held in each of said cases that under such a charge it is permissible to show that one of the defendants actually committed the felony and the other was present aiding, abetting, etc., in the commission thereof, and both may be convicted under such charge and proof. From the holding in these cases appellant argues that as a singly indicted defendant he was not put on notice by the indictment that he was accused as an aider or abettor to a crime with others who physically committed the criminal act or assault and thus was denied opportunity to present his defenses in such posture.
*900 No Florida case on this specific point has been cited to us by the parties nor have we found any.
We do not believe the failure to indict another or others along with the defendant or the failure to indict him singly as an aider or abettor is prejudicial to him or contrary to essential requirements of law. F.S. Section 776.011, F.S.A. was intended to obviate the necessity of indicting persons as aiders or abettors. Presiding Judge Allen of the Second District Court of Appeal in State v. Peel (Fla.App.) 111 So.2d 728, in a well-reasoned opinion, collected and cited pertinent authority upon the question under consideration. He quoted a portion of the opinion in Gambrell v. Commonwealth, 283 Ky. 816, 143 S.W.2d 514, 516:
"There is no merit in appellants' contention that he should not have been convicted as an aider and abettor on a separate trial after Lath had been acquitted as the principal. Appellant was indicted as the principal and we cannot determine from the record whether or not the jury convicted him of firing the shot which killed Jones or of aiding and abetting Lath in so doing. However that may be, we have an unbroken line of decisions to the effect that a defendant may be convicted on a separate trial of aiding and abetting the principal in the commission of a crime after the principal has been acquitted. * * *"
In Chaudoin v. State, 118 So.2d 569, the Second District Court of Appeal said, with reference to F.S. Section 776.011, F.S.A. (Ch. 57-310):
"Even in the absence of Chapter 57-310, supra, the appellant would have no ground for complaint. Said legislative enactment only declared what had been the established law in this state for many years as to the form of charge and required proof necessary to convict principals in the first and second degrees in felony prosecutions. In the case of Neumann v. State, 116 Fla. 98, 156 So. 237, the Supreme Court held that a principal in the second degree may be tried before the principal in the first degree is placed on trial in the discretion of the court, regardless of which defendant is alleged to have actually committed the felony, and such was the law in Florida as early as the case of Montague v. State, 17 Fla. 662. Also, see Skipper v. State, 150 Fla. 259, 7 So.2d 128."
Notwithstanding the enactment of Section 776.011 in 1957, appellant contends the early former practice of specifying in the indictment that the accused was an aider or abettor should obtain where rape is charged against a single defendant who is sought to be proved an aider or abettor. He urges that F.S. Section 794.01, F.S.A., under which he was indicted as a separately accused person, relates solely to the crime of rape directly committed by one who assaults and penetrates the victim and that an aider or abettor in terms of due process can never be charged under the language of the statute where no other person is jointly indicted. We do not recognize the logic for this exception, at least in appellant's case. We do agree that if one were indicted as the sole perpetrator of a crime and at the trial he was taken by surprise by the state's evidence and cast only in the role of an aider or abettor of another, and not as the person committing the actual act of crime, there possibly could be substance to his complaint that due process was not afforded. In this case, the appellant, though singly indicted, was identified by the victim as one of the persons raping her, and he himself, before and at the trial, admitted he was present at the commission of the alleged rape. There was evidence flowing from appellant's admissions when taken in connection with the state's rebuttal evidence which raised reasonable inferences that appellant was an aider or abettor, even if he did not carnally assault the victim. Since facts of the appellant's presence at the commission of the crime were admitted and testified to *901 by him and rebuttal evidence was adduced by the state that his presence was not that of the coerced innocent participant, we do not consider he was taken by surprise or that a predicate necessarily had to be laid in the indictment that he was an aider or abettor of another in order to afford him due process. There appears no merit to appellant's contention that for the instruction complained of to have been given there must have first been an indictment of the defendant with another person or persons alleged to have participated with him in the crime or in the alternative that the defendant should have been charged as an aider or abettor.
Because of the nature of the defense offered by appellant on this point and the state's rebuttal thereof, we do not believe the instruction given amounted to prejudicial error.
Point 2. Appellant contends it was error to admit in evidence at the trial the state's exhibit #7, a 22-calibre pistol. It was taken by the police from the automobile of Eddie McClendon, one of the alleged participants in the crime, some two weeks after the assault. Vern Dahl testified that on the night of the assault, a clear cloudless night with the moon and stars out, he saw pointed at him a chrome-plated Western style, large hammer, target length long barrel revolver in the hand of one of the assailants. He stated in his testimony when the revolver (Ex. #7) was offered for identification that it was quite similar to and that it could be the same revolver pointed at him on the night of the assault because of its color and small bore and its large hammer.
This witness testified he was in a position to see the gun several times because it was waved over and around him a number of times on the evening of the crime.
We do not find that the admission of the revolver in evidence was harmful error sufficient to justify a reversal for new trial under the particular circumstances of this case, although strictly from an evidentiary standpoint its identification as the gun actually brought into play on the night of the crime does not appear to have been established.
Point 3. We have carefully considered the claim that the trial court erred in allowing witnesses to testify whose names had not been furnished defendant pursuant to order of the trial court.
Two F.B.I. agents testified whose names were not furnished. They were used for the purpose of examining and identifying, because of their training and qualifications, certain exhibits alleged to relate to the commission of the offense. Their testimony of identification went to proof of either the physical nature of the exhibits or their ownership. We do not find the defendant was prejudiced thereby or that he did not have ample opportunity to crossexamine and offer rebuttal testimony. Moreover, defendant had been permitted to inspect these exhibits prior to the trial and stickers and labels thereon indicated that they had been submitted to the F.B.I. for examination and analysis. Under these circumstances we do not believe the trial judge abused his discretion in permitting the testimony of the two F.B.I. witnesses who had not been previously listed among the state's witnesses. See Shields v. State (Fla.) 64 So.2d 271 and State v. Shouse (Fla.App.) 177 So.2d 724.
Point 4. On whether there was sufficient evidence to convict the defendant under the indictment it is noted it is admitted in his brief he was present when the victim was assaulted by others. He disputes the victim's evidence that he assaulted her and contends there is nothing proven which conclusively points to his guilt.
While it is true it has been held that where the prosecutrix is the sole witness to the act, her testimony should be rigidly scrutinized to avoid an unmerited conviction of a capital offense, Coker v. *902 State, 83 Fla. 672, 93 So. 176, nevertheless, the victim in this case was emphatic in her testimony that defendant carnally assaulted her. If believed by the jury, her testimony appearing in the record is sufficient to convict.
Point 5. The appellant, a Negro male, contends that F.S. Section 794.01, F.S.A., was unconstitutionally applied in this case because he received no recommendation of mercy from the trial jury and such application of the statute should be declared invalid. This argument has been considered by this Court on more than one occasion and rejected, viz., that Negro males, much more often than white males, are given the death penalty by Florida juries in rape cases and that this results in unequal treatment of persons of his race, violative of the 14th Amendment of the United States Constitution. See Thomas v. State (Fla.), 92 So.2d 621; State ex rel. Copeland v. Mayo (Fla.), 87 So.2d 501, and Williams v. State, (Fla.), 110 So.2d 654, cert. denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86.
Affirmed.
THOMAS, ROBERTS, O'CONNELL and CALDWELL, JJ., concur.
ERVIN, J., concurs with Opinion.
DREW, J., dissents with Opinion.
THORNAL, C.J., dissents and agrees with DREW, J.
ERVIN, Justice (concurring).
I concur in the opinion and judgment of the majority. I wish to note in addition that an appeal to this Court by Eddie McClendon, one of the other defendants, indicates that one Durell Jones, who allegedly coerced the appellant to take part in the assault, received a jury recommendation of mercy as the result of his trial some weeks after the trial of the appellant. This mercy recommendation automatically produced a life sentence for Jones. This difference of verdict and sentence in the case of Jones, in my view, may warrant favorable consideration of a plea of clemency by the State Pardon Board if submitted by the appellant.
DREW, Justice (dissenting):
I would reverse and remand for new trial on the sole ground of impropriety of instructions[1] permitting conviction, under an indictment[2] for rape by the defendant singly, upon proof of a rape by another party aided and abetted by defendant.
*903 Although the issue is one of first impression here, our statute[3] is in form and purpose very similar to those in effect for many years in other states[4] whose decisions we have previously referred to in treating related issues in this field.[5] I am persuaded by the reasoning of a long standing line of decisions requiring that an indictment contain some statement of the facts or acts constituting the particular crime upon which a conviction may be based under the instructions given:
"Appellant relies upon Mulligan v. Commonwealth, 84 Ky. 229, 1 S.W. 417, 8 Ky.Law Rep. 211, in support of his contention. In that case, Mulligan was indicted alone for rape, and the trial court instructed the jury that he was guilty if he aided and abetted others in detaining the woman against her will. In sustaining Mulligan's contention that the trial court erred in the instruction given, and in reversing that ruling, this court said: `The object of the indictment is to make known to the accused, with what particular crime he is charged, and that the commonwealth will attempt to prove it as charged. So to indict both the principal and aider and abettor as principals, they are notified that the commonwealth can and will attempt to prove, in order to make out their crime, that one did the principal act and the other aided and abetted, and may prepare their defense accordingly. Or if the commonwealth does not choose to indict the principal in the first degree, or for any reason cannot do so, but wishes to indict the aider, and will set forth in the indictment the name of the principal, together with his acts or participation in the crime, then it can be said that defendant is given a statement of the acts constituting the offense charged against him. On the other hand, to indict him as the only perpetrator of the crime, and then on the trial be permitted to prove that he was not guilty of the crime as charged  the actual perpetrator of it  but that some one else was guilty, not named in the indictment, and thus secure a conviction, would certainly violate the rule.' In concluding the opinion upon this point, the court further said: `We conclude therefore: First, that the commonwealth may, if it chooses, indict both principal and aider and abettor jointly as principals, and secure a conviction against both without violating the rule of the Code supra, because they are then furnished with a statement of the facts constituting their crime; or, second, the aider and abettor may be indicted alone; but in that case he ought to be furnished with a statement of the acts constituting the crime. This can only be done by setting out in the indictment the acts of the principal actor. By this course the commonwealth cannot be wronged, and the defendant cannot be taken unawares or by surprise, because the commonwealth has informed him by a full statement of the facts of which he is charged.'" (E.S.) Hollin v. Commonwealth, 158 Ky. 427, 165 S.W. 407, 408, L.R.A. 1915E, 608.
*904 The attempt to confine this principle to the situation where a defendant can in fact demonstrate surprise was rejected:
"The court in its memorandum opinion * * * attempts to distinguish between this question presented in the instant case and that presented in Hollin v. Commonwealth, 158 Ky. 427, 165 S.W. 407, L.R.A. 1915E, 608, upon the ground that the evidence here showed no surprise was suffered by the appellant through having been alone indicted. * * * However, we find ourselves unable to agree with or approve of the exception the learned trial judge here would make to the stated general rule repeatedly declared and announced by this court, that where by the terms of an indictment the defendant was called upon to defend himself against the charge of committing an offense alone, the court is unauthorized to instruct the jury to find him guilty if he was present and wilfully aiding and abetting another in committing the offense and where so instructing in such case, errs. The precise question we have here before us was presented in the case of Mulligan v. Commonwealth, 84 Ky. 229, 1 S.W. 417, 419. * * * `The object of the indictment is to make known to the accused with what particular crime he is charged, * * * to indict him as the only perpetrator of the crime, and then, on the trial, be permitted to prove that he was not guilty of the crime as charged,  the actual perpertator of it,  but that some one else not named in the indictment was guilty, and thus secure a conviction, would certainly violate the rule.'" Bailey v. Commonwealth, 295 Ky. 441, 174 S.W.2d 719, at pp. 721 and 722.
This rule has been recognized and followed in current decisions in that jurisdiction and elsewhere under statutes of the same general intent:
"It is quite true that when only one person has been indicted for a felony he cannot be convicted of aiding and abetting. Hollin v. Commonwealth, 158 Ky. 427, 165 S.W. 407, L.R.A. 1915E, 608 and Bailey v. Commonwealth, 295 Ky. 441, 174 S.W.2d 719. But where two or more defendants are jointly indicted as principals, anyone of them although tried separately, may be convicted of aiding and abetting. Hogan v. Commonwealth, 230 Ky. 680, 20 S.W.2d 710; Handy v. Commonwealth, 240 Ky. 432, 42 S.W.2d 532 and Alder v. Commonwealth, 277 Ky. 136, 125 S.W.2d 986. The reason for the distinction is set forth at length in Mulligan v. Commonwealth, 84 Ky. 229, 1 S.W. 417, and is in essence that the object of the indictment is to make known to the accused the crime he is charged with. To indict both the principal and the aider and abettor as principals gives notice that the Commonwealth can or will attempt to prove that one did the act and the other aided and abetted. On the other hand an indictment of only one person as the sole perpetrator of a crime gives no notice of the possible charge of aider and abettor." Neal v. Commonwealth, Ky., 302 S.W.2d 573, 578.
Under a provision that an aider "is a principal, and shall be proceeded against and punished as such,"[6] it is held:
"Certain it is, however, that, if the appellant alone had been charged with the crime of taking the motor vehicle without the owner's permission by driving it away, he could not be convicted by proof that he rode in the vehicle knowing it to be stolen. But here he was charged jointly with McCaskey who pleaded guilty."
This disposition of the problem is, in my opinion, in accord with established principles governing notice and clarity in criminal charges generally, and constitutional compliance in the criminal process. It has been repeatedly recognized, of course, that all of the parties to a crime may be charged *905 alike as principals and convicted as such when the evidence shows commission of the offense charged by one and the requisite participation by others. So far as I can determine, however, such convictions have in every instance been based on an indictment charging the parties jointly as principals, in which situation the instruction controverted in this case has been approved. I believe that the defendant's objections in the case at bar should have been sustained, and that the conviction based on that instruction should be reversed.
THORNAL, C.J., concurs.
NOTES
[1] two or more persons conspire or confederate together to commit an unlawful act, each is criminally responsible for the acts of his associates * * *. The fact that rape occurred is considered as proceeding from all who are present aiding and abetting the act done, and the actual perpetrator is considered as the agent of his associates. His act is their act as well as his own * * *. All are equally guilty  if properly established by the proof and it is not material which one is alleged to have actually committed the felonious act, if it is duly proven that one committed the act, and that the others were present and aided and abetted the alleged felony * * *."
[2] Appellant was tried upon an indictment filed against him singly and charging only as follows:

"* * * That Richard Carter Newman late of the County of Palm Beach aforesaid, in the Circuit and State aforesaid, laborer, on the Second day of June in the year of our Lord One Thousand Nine Hundred Sixty Five with force and arms at and in the County of Palm Beach aforesaid unlawfully, in and upon one Judith Fertig, a female over the age of ten years, an assault did make, and her, the said Judith Fertig, did then and there ravish and carnally know, by force and against the will of her, the said Judith Fertig."
[3] F.S. Sec. 776.011, F.S.A.:

"Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense."
[4] Sec. 431.160, Ky.Rev.Stat.:

"Except as otherwise provided by law, accessories before the fact to any felony shall be liable to the same punishment as a principal, and may be prosecuted jointly with the principal, or severally, though the principal is not taken or tried."
[5] Gambrell v. Commonwealth, 283 Ky. 816, 143 S.W.2d 514, cited by appellee in the case at bar and quoted by this Court in State v. Peel, Fla.App. 1959, 111 So.2d 728, 738.
[6] Rev.Code Wash. 9.01.030.